ANTHONY C. WILLIAMSON, Appellant, *v.* ADOLPH FISCHER, Respondent.

1. *Surveyor — Map of, not sufficient — Competency of as evidence.*— A plat or map which is not an official map of the county surveyor, is valueless as a record. But the surveyor who made it, in testifying as to a locality, may submit it to the jury with the rest of his evidence for what it is worth.
2. *Practice, civil — Pleading — Evidence — Instruction — Jury.*— Where there is evidence to support a count, it should not be taken from the jury.
3. *Damages — Employer and contractor — Excavation — Trespass —* Where a contractor, under orders from his employer, attempted to erect a building having a width of sixty-five feet where the building space was but sixty-four feet six inches, and in so doing encroached upon his neighbor's wall, the employer was a co-trespasser, and as responsible as though he himself had made the excavation.
4. *Practice, civil — Pleadings — Counts, misjoinder of.*— Defendant, by pleading over, waives his objection to the improper joinder of counts.

*Appeal from St. Louis Circuit Court.*

*I. Z. Smith*, for appellant.

*Krum & Patrick*, for respondent.

The petition contains a cause of action *ex delicto* and a cause of action *ex contractu.* The judgment could not have stood had

appellant obtained a verdict. This manner of pleading comes clearly within the prohibition of the statute. (Wagn. Stat. 1012, § 2; Barada v. Carondelet, 16 Mo. 242; Jamison v. Copher, 35 Mo. 483; Aderlin v. Judge, 36 Mo. 350; Lambert v. Blumenthal, 26 Mo. 471; Gott v. Powell, 41 Mo. 416; Peyton v. Rose, 41 Mo. 257; Curd v. Lackland, 43 Mo. 139; Young v. Coleman, *id.* 179; Gray v. Payne, 43 Mo. 205.)

BLISS, Judge, delivered the opinion of the court.

The plaintiff was the owner of a brick dwelling in St. Louis, and in his petition charges defendant with so carelessly and negligently excavating a cellar, upon an adjoining lot on the north, as to cause his dwelling to fall; and also by another count charges him with agreeing to prop up and support the plaitiff's north wall so as to protect it from damage in consequence of such excavation. Upon the trial he offered evidence tending to show that the defendant, as owner of a building to be erected, directed his contractor to build sixty-six feet front when the space to be covered between the plaintiff's building and the one on the north was only sixty-five feet six inches, making it necessary to dig four inches in upon the plaintiff's possession in order to obtain the sixty-six feet; also that the contractor did actually dig not only close up to plaintiff's wall, but a part of the way below and under it. The plaintiff's agent also testified that upon receiving notice of the excavation, and that he must protect his wall, he saw the defendant, who agreed to protect it for the plaintiff and at his expense. It is not disputed that the building fell into the excavation, but the defendant offered evidence to rebut every material fact claimed to have been proved, and the jury gave him a verdict upon which judgment was entered.

The plaintiff complains of errors committed by the court upon the trial, but defendant asks for an affirmance of the judgment as being for the right party notwithstanding such alleged errors. It is a matter of great delicacy for a court in jury trials to pass upon the weight of evidence. We might think it preponderated in favor of defendants, and still not feel at liberty to say so if the plaintiff made a *prima facie* case. The issues in the case

at bar were peculiarly jury issues, and we think the plaintiff was denied a legal right, first, in ruling out competent evidence ; and second, in taking the second cause of action from the jury.

The plaintiff offered Mr. Cozzens as a witness, who testified in regard to the size of the lot, the width of the excavation, etc., and that he had surveyed the premises and made a plat of his survey. The plaintiff was not permitted to exhibit this plat to the jury. There is a little blindness in the record in the matter, but a reason given for its rejection was that it was not an official map made by the county surveyor. As a record the plat or map was valueless, but as a part of the testimony of Mr. Cozzens it should have gone to the jury with his oath; its correctness, like his other testimony, being left to them. (Mincke, v. Skinner, 44 Mo. 92.)

The court instructed the jury that there was no evidence to support the second count. This is admitted to have been erroneous, but counsel think that the judgment should stand nevertheless, and for the reason before given. But the agreement was properly charged. Evidence was given to support the charges, and the plaintiff had a right to a verdict upon it.

Other errors were assigned in giving and refusing instructions, but the plaintiff asked for twenty in number, many of which were but repetitions in different language of the same idea, and it is not easy to ascertain the precise views of the court. Most of the instructions were properly refused, as having been rendered unnecessary by previous ones; but the court seems to have held that the defendant was not responsible if the work had been let to a contractor, although he may have told such contractor to make the building sixty-six feet front, which would render it necessary to encroach upon the plaintiff, and although he had actually so excavated. This holding was erroneous. The defendant was bound to know the width of his lot; and if he became a party to any encroachment upon the possession of his neighbor, by which his house was destroyed, he was a co-trespasser, and is as responsible as though he himself made the excavation.

In regard to the action of the court concerning the second count, counsel for defendant suggests that it was improperly joined with

the first, and the plaintiff had no right to a judgment upon it. But whether it was properly joined or not, the defendant waived the objection by not demurring, and cannot raise it after pleading over. (Ham v. Lovell, 45 Mo. 381.)

The judgment will be reversed and the cause remanded. The other judges concur.