Fink v. The Missouri Furnace Company, *Appellant.*

1. **Negligence**: INDEPENDENT CONTRACTOR. One who contracts with a furnace company to take sand from its land, and to deliver it at its furnace at an agreed price per load, there being no stipulation as to the manner of digging the sand, is an independent contractor, and the company is, therefore, not liable for his negligence in conducting the work.

2. **Independent Contractor, Definition of.** An independent contractor is one who renders service in the course of an occupation, representing the will of his employer only as to the result of his work, and not as to the means by which it is accomplished.

*Appeal from St. Louis Court of Appeals.*

Reversed.

*Henry Hitchcock*, for appellant.

The question whether the relation which · exists in a given case is that of master and servant, or of an independent contractor, does not depend upon whether the employer retains the power of terminating the work, or of directing it to be carried on at this or that place (if the place where it is carried on be indifferent) but depends upon the question whether such employer retains control, by the terms of the contract, over the mode and manner of doing the work. If it appear that the contract merely requires that the person employed thereunder shall bring about a given result by his labor, the manner of applying that labor being left to his own discretion, and his compensation being regulated by the results accomplished, then it is an independent contract of employment, and not a contract of service. *Morgan v. Bowman*, 22 Mo. 538; *Clark v. Railroad Co.*, 36 Mo. 218; *Hilsdorf v. St. Louis* 45 Mo. 98, 99; 2 Thompson on Negligence, p. 899, § 22; *Harrison v. Collins*, 86 Pa. St. 153; *Linton v. Smith*, 8 Gray 147; *Hilliard v. Richardson*, 3 Gray 349; *DeForrest v. Wright*, 2 Mich. 368; *Steele v. Railway Co.*, 32 Eng. Law and Eq. 366; *Storrs v. Utica*, 17 N. Y. 107; *Pack v. Mayor*, 4 Seld. 222; *Milligan v. Wedge*, 12 A. & E. 337. It was proved that the excavation was made upon the private property of the defendant, for a lawful purpose, and that it was at such a distance from the public highway that no person passing over the highway would be endangered thereby. Under these circumstances, it has been repeatedly decided and finally settled by this court that the owner of an unenclosed lot, whether in an open prairie or within the limits of an incorporated city, is not liable for damages to animals or persons trespassing thereon by reason of an unguarded pit or excavation upon said lot into which they fell. *Hughes v. Railroad Co.*, 66 Mo. 326; citing *Knight v. Abert*, 6 Pa. State, 473; affirmed in *Turner v. Thomas*, 71

Mo. 597. The cases in which an apparent exception to this doctrine is asserted in respect of injuries resulting to children trespassing upon private grounds, rest invariably upon the further proof or assumption that the defendant did know, or had good reason to believe, under the circumstances of the case, that children would resort to said premises, and also, that the absence of safeguards or preventive means they would be injured thereby. *Stout v. Sioux City, etc., R'y Co.*, 2 Dillon, 298; affirmed in *Railway Co. v. Stout*, 17 Wall. 657, 662; *Keffe v. Railroad Co.*, 21 Minn. 207; *Hydraulic Co. v. Orr*, 83 Pa. St. 332; *Boland v. Railway Co.*, 36 Mo. 490; and see 2 Thompson on Negl., p. 1196, note 6. The court of appeals (10 Mo. App. 69, 70) erred in holding that the defendant was under a duty either to prosecute the work of excavating in a different manner than by undermining, or else to maintain a fence or other safeguard against trespassing children, and that Stevenson's conduct in partially undermining said bank, and leaving it in that condition when he went away to deliver a wagon-load of sand, was culpable negligence imputable to the defendant company. *Straub v. Soderer*, 53 Mo. 42; *Hughes v. Railroad Co.*, 66 Mo. 326; *Turner v. Thomas*, 71 Mo. 596; *White v. Phillips*, 15 Com. B. (N. S.). 245; *Sweeney v. Old Colony, etc. Railway Co.*, 10 Allen 372 : 1 Thompson Neg., p. 303. The cases concerning children chiefly relied on by the court of appeals, were cases where the child itself was the plaintiff and not actions by the surviving parent for statutory damages. *Railroad v. Stout*, 17 Wall 657; *Stout v. Railroad Co.*, 2 Dill. 294; *Keffe v. Railway Co.*, 21 Minn. 207; *Hagan's Petition*, 5 Dill. 96. The court of appeals erred in its ruling on the question of contributory negligence, in holding that the evidence did not warrant the conclusion of the circuit court, that the plaintiff herself was guilty of contributory negligence, and the court of appeals, likewise erred in holding that the question of contributory negligence should have been submitted to the jury. *Stillson v. Railroad Co.*,

67 Mo. 674; *Waite v. Railroad Co.*, 96 Eng. C. L. 728; *Koons v. Railway Co.*, 65 Mo. 592; *Boland v. ·Railway Co.*, 36 Mo. 490; *Maher v. Railroad Co.*, 64 Mo 275; *Owens v. Railroad Co.*, 58 Mo. 393. The question of contributory negligence is a question for the jury only where either (1) the facts are disputed, or (2) where there is a dispute or reasonable doubt as to the inferences to be drawn from undisputed facts. *Nagel v. Railway Co.*, 75 Mo. 665 and cases cited; *Wyatt v. Citizens' R. R. Co.*,55 Mo. 489, and cases cited. In this case there was no dispute about the facts. If the plaintiff's contention, which indeed is the very foundation of her case, that the sand bank was at once attractive and dangerous, be true, it is also true that her own negligence in permitting the child to go there under her very eyes, was the cause of its death.

*Klein & Fisse* and ·*O. G. Hess* for respondent.

(*a*) Where a land-owner knows, or has reason to know, that his premises are attractive to children, so that they are likely to resort thereto, and that in consequence of his own acts thereon, children who enter upon the premises are exposed to danger, he is bound to use reasonable care to protect them against that danger; and if, as a result of his failure to exercise such care, a child, although trespassing at the time, suffers injury, the child, or its representatives, may maintain an action against him to recover damages for such injury. *Boland v. Railway Co.*, 36 Mo. 484, 490; *Frick v. Railway Co.*, 75 Mo. 542; *Nagel v. Railway Co.*, 75 Mo. 653; *Stout v. Railroad Co.*, 2 Dill. 294; s. c., sub. nom., *Railroad Co. v. Stout*, 17 Wall. 657; *Keffe v. Railroad Co.*, 21 Minn. 207; *Kansas City R. R. Co. v. Fitzsimmons*, 22 Kas. 686; *Whirley v. Whitman*, 1 Head (Tenn.) 610; *Hydraulic Works Co. v. Orr*, 83 Pa. St. 332; *Birge v· Gardiner*, 19 Conn. 507; *Lynch v. Nurdin*, 1 Q. B. 29; *Clark v. Chambers*, 3 Q. B. Div. 327, 339. (*b*) Whether in any given case the owner has exercised due care, is a question

for the jury. *Railroad Co. v. Stout,* 17 Wall. 657 ; *Lane v. Atlantic Works,* 100 Mass. 104 ; *Hydraulic Works Co. v. Orr,* 83 Pa. St. 332 ; *Mullancy v. Spence,* 15 Abb. Pr. (N. S.) 319 ; *Kansas City R. R. Co. v. Fitzsimmons,* 22 Kas. 686 ; *Boland v. Railway Co.,* 36 Mo. 484, 491 ; *Callahan v. Warne,* 40 Mo. 131, 136 ; *Norton v. Ittner,* 56 Mo. 351 ; *Mauermann v. Siemerts,* 71 Mo. 101 ; *Nagel v. Railway Co.,* 75 Mo. 653. It is for the jury to determine to what extent the plaintiff's negligence, if any existed, contributed to the injury ; and the court is not justified in withdrawing the question from their consideration, except in cases where the evidence clearly slows that the injury is attributable solely to the plaintiff's want of care. *Morrissey v. Wiggins Ferry Co.,* 43 Mo. 380 ; *O'Flaherty v. Railroad Co.,* 45 Mo. 70 ; *Smith v. Railroad Co.,* 61 Mo. 588 ; *Dale v. Railway Co.,* 63 Mo. 455 ; *Frick v. Railway Co.,* 75 Mo. 542. The relation existing between Stevenson and the defendant was that of master and servant. *Morgan v. Bowman,* 22 Mo. 538 ; *Darmstaedter v. Moynahan,* 27 Mich. 188 ; *Whitney v. Clifford,* 46 Wis. 138. Consequently the defendant is responsible for his acts upon the premises, if they are of such a character as would justify a jury in finding that they were negligent. But even if Stevenson was not a servant, the defendant is liable. It cannot avoid its legal duty by permitting irresponsible persons, over whose actions it does not reserve any control, to endanger the lives of children, innocent of wrong, by the creation on its property of such traps and fatal agencies as was shown in this case.

NORTON, J.—This suit was instituted in the circuit court of the city of St. Louis, to recover $5,000 statutory damages for the death of plaintiff's son, about four years old, alleged to have been occasioned by the negligence of defendant. Upon a trial had in said court, at the close of the evidence the court, at defendant's instance, instructed the jury that, under the evidence, plaintiff could not recover ; whereupon plaintiff took a nonsuit with leave to

move to set the same aside, and her motion made in that behalf being overruled, the cause was taken by writ of error to the St. Louis court of appeals, where the judgment of the circuit court was reversed and the cause remanded, and from this judgment defendant prosecutes his appeal to this court.

It appears from the record, that defendant was the owner of the lot on which the accident, resulting in the death of plaintiff's child occurred; that the lot was located in Carondelet in the city of St. Louis, and was bounded on the north by St. Dennis street, on the east by an alley, on the south by a lot belonging to one Williams, on which he had a house fronting on Seventh street, which street was on the west of defendant's lot; that said lot was about 120 feet deep eastwardly from Seventh street and fronted on said street between 75 and 100 feet; that the natural grade of the lot was such that next to the Williams lot, the ground was higher by seven or eight feet than it was at St. Dennis street, and that neither one of said streets was macadamized or curbed; that there were quite a number of houses in the vicinity of said lot which were occupied by families with a number of children; that for several years previous to the accident, a colored man by the name of Stevenson had been hauling sand from said lot for the use of defendant in their furnace, some distance from the lot; that the soil of said lot consisted of a layer of loam on top two or three feet in depth, underneath which was the sand that said Stevenson had been engaged in digging and hauling; that the method pursued by said Stevenson in procuring the sand, was such as to cause the superincumbent soil to fall of its own weight; that this excavating or undermining had been made in a horse-shoe shape, so that the grade of the lot gradually descended from St. Dennis street until at the point where the bank was still standing the grade was about three feet below that of St. Dennis street; that the face of the bank in which the digging was being done, was within six or eight feet of said Williams' fence at the

southern end of the lot, and was from six to ten feet in height above the lowest point of the lot; that for two years previous to the accident the lot had not been ·enced; that two or three fences had before that time been put around it but had been torn down and carried away by persons unknown; that plaintiff was a widow with four children who earned her living by washing, scrubbing and such other work as she could get, and that on the 27th of August, 1879, the day of the accident, she went to the house of said Williams whose lot adjoined the one in question on the south, as above set forth, for the purpose of washing, and took with her for the purpose of caring and looking after him her youngest son, Charles, about four years old; that on that day said Stevenson with a colored man named Jones, whom he had hired upon his own account and with whom defendant had no contract relations so far as the record shows, were digging and hauling sand from said lot, and excavating the sand by digging into the bank at the bottom to a depth of two or three feet making a hole in the face of the bank of three feet in height and four or five feet in width and causing the superincumbent soil to fall down by its weight, convenient to haul away in their wagon; that at about 11 o'clock on that day Stevenson and Jones left the lot with a load of sand and during their absence, between 12 and 1 o'clock, the bank which they had underminded fell covering up plaintiff's child so that he was dead when found.

It appears from the evidence of plaintiff that a few minutes before the accident the child, who had been with its mother and under her care inside the inclosure of the Williams fence, went out of the inclosure; that the mother saw it go out and seat itself near the outside of the fence on the bank which subsequently caved in; that she neither called nor required it to return inside the inclosure on the Williams lot.

The question lying at the threshhold of the case is, Was the relation which Stevenson sustained to the defend-

ant, in the work he was engaged to do, that of a servant or independent contractor? If the relation was that of contractor, the present action is not maintainable; if, on the other hand, it was that of a servant, then it is maintainable, provided the other facts in the case show that the injury was occasioned by the negligent acts of the servant, without contributory negligence on the part of plaintiff. The legal test for the determination of the question is stated by Thompson on Negligence, vol. 2, 899, sec. 22, as follows: " The general rule is that one who has contracted with a competent and fit person exercising an independent employment to do a piece of work, not in itself unlawful or attended with danger to others, according to the contractor's own methods, and without his being subject to control, except as to the results of his work, will not be answerable for the wrongs of such contractor, his sub-contractor or his servants, committed in the prosecution of such work. An independent contractor is one who renders service in the course of an occupation representing the will of his employer only as to the result of his work and not as to the means by which it is accomplished. The contractor must answer for his own wrongs committed in the course of the work by his servants." The principle stated in the text by this writer has been recognized and affirmed by this court in the following cases: *Hilsdorf v. City of St. Louis*, 45 Mo. 98, 99 ; *Morgan v. Bowman*, 22 Mo. 538; *Clark v. H. & St. Jo. Railroad Co.*, 36 Mo. 218 ; *Barry v. City of St. Louis*, 17 Mo. 121.

According to the record before us, but one witness testified in regard to the contract between defendant and the parties engaged in digging and hauling sand. This witness was Mr. Asper, the foreman of defendant, who was introduced by plaintiff and testified that he heard the contract between Stevenson and Cushman, vice-president and manager of defendant, and upon being asked to state what the arrangement was between the men hauling sand and defendant, answered as follows: " Stevenson had a

contract with the defendant to deliver sand to the furnace at fifty-five cents a load. Jones had nothing to do with the company. There was no stipulation made with Stevenson as to how he should dig the sand that I know of." It also appeared that defendant gave Stevenson permission to get the sand from the lot where the accident occurred which belonged to defendant. Besides the above there was no other evidence concerning the contract. The contract as proved, speaking for itself, only shows that defendant agreed with Stevenson, engaged in an independent employment, to haul sand for it, and to pay him for such service a stipulated price per load. No control over Stevenson in reference to the mode and manner he was to execute the work he agreed to perform was reserved in the contract, and the only witness to the contract who testified, said there was no stipulation with Stevenson as to how he should dig the sand. Applying the rule adverted to to the contract as proved, we think it follows that Stevenson was an independent contractor, representing the will of his employer only as to the result of his work, and not as to the means by which he was to accomplish it.

The case of *DeForrest v. Wright*, 2 Mich. 368, illustrates the principle underlying cases of this class, in which it was held that when a drayman was employed to haul a quantity of salt from a warehouse and deliver it at the store of the employer at so much per barrel, and while engaged in the work, through the carelessness of the drayman, one of the barrels rolled against and injured a person passing on the sidewalk, the employer was not liable for such injury. This case is more analogous to the one before us than the case of *Whitney v. Clifford*, 46 Wis. 138, to which we have been cited, where the liability of Clifford was made to attach to him, as the owner of the saw mill, by reason of the fact that it was the duty as well as the contract obligation of Clifford, who had hired one Dodge to manufacture shingles for him, to keep in repair the

smoke stack from which sparks had escaped and occasioned the injury sued for.

During the progress of the trial witness, Asper, stated that defendant purchased another lot and Stevenson quit hauling from the other place, and he was then asked by whose orders he quit. This question was objected to as being irrelevant, the court sustained the objection, and this action of the court is assigned for error. The relevancy of the question is to be determined by the fact, whether, if an answer had been returned to it, that it was by direction of defendant Stevenson quit hauling from one place and hauled from another had any tendency to show that defendant had control over Stevenson as to the mode and manner he was to execute the work he had contracted to perform. We are of the opinion that it did not bear any such tendency and that the objection was properly sustained. While such an answer would have tended to show that defendant controlled Stevenson as to the place from which to procure the sand, it had no tendency to establish the fact that defendant exercised control over the method to be pursued in the execution of the work.

This witness was, also, asked if at the time, or previous to the accident, the furnace company could have directed to have hauling from this lot stopped. An objection to this question was properly sustained, inasmuch as it called for no fact, but simply for an expression of the opinion of the witness, as to what defendant could or could not do under the contract existing between the parties.

The view we have taken of the cause renders it unnecessary to consider any of the other questions presented in the argument and briefs of counsel, and leads to a reversal of the judgment of the St. Louis court of appeals and an affirmance of the judgment of the circuit court, and it is so ordered. All concur.