HORTENSE THOMASSEN v. WEST ST. LOUIS WATER & LIGHT COMPANY et al., Appellants.

Division Two, December 22, 1925.

1. **NEGLIGENCE**: Independent Contractor: Liability of Employer. An independent contractor is one who, exercising an independent employment, contracts to do a certain work according to his own methods, and without being subject to the control of his employer . except as to result of his work. He is one who, rendering service in the course of an occupation, represents the will of his employer only as to the result of his work, and not as to the means by which it is accomplished. To constitute an independent contractor, so as to relieve his employer from liability for his negligence, it must at least appear that the work to be performed was committed exclusively to his discretion. And whether or not a person alleged to be an independent contractor is such is a question in case of doubt for the jury to determine.

2. ————: ————: ————: Question for Jury. The defendant water and light company employed laborers at a distance from their homes, and, in addition to their wages, had agreed to convey them to and from their place of work. On a certain morning a man carried some of the laborers to their place of work, and in the afternoon telephoned the company's foreman that his automobile was broken. In similar exigencies on former occasions the foreman had taken the workmen to their homes in his truck and received three dollars from the company for each trip, and this was in accordance with an understanding with the manager of the company. Pursuant to this understanding the foreman on said evening took some of the workmen to their homes in his truck, and on the journey negligent-

ly ran it against plaintiff's husband on a public highway, inflicting injuries from which he died in a few hours. The foreman had not previously engaged in an independent occupation or employment as a carrier of passengers, had not done such work for any one else, and only occasionally. did it for the company. *Held*, that it cannot be held as a matter of law that the foreman was an independent contractor, but the questions whether he was an independent contractor, and whether the company was liable for his negligence, were for the jury to determine, and their verdict against the company is approved.

Master and Servant, 39 C. J., Section 1517, p. 1315, n. 1; Section 1518, p. 1316, n. 7; p. 1317, n. 10; Section 1595, p. 1364, n. 32. Motor Vehicles, 28 Cyc., p. 40, n. 40.

Transferred from St. Louis Court of Appeals.

JUDGMENT OF CIRCUIT COURT AFFIRMED.

*A. & J. F. Lee, James A. Waechter* and *Joseph Renard* for appellants.

The demurrer of the defendant water company should have been sustained because Miller was an independent contractor while operating his own machine for hire, without direction or control of its operation by said water company. Calhoon v. Mining Co., 202 Mo. App. 564; Mullich v. Broker, 119 Mo. App. 332; O'Neil v. Blase, 94 Mo. App. 648; Allen v. Coglizer, 208 S. W. 102; Spelman v. Delano, 177 Mo. App. 28; Peters v. Ry. Co., 150 Mo. App. 721; Porter v. Withers Estate Co., 201 Mo. App. 27; Long v. Moon, 107 Mo. 334; Crenshaw v. Ullman, 113 Mo. 633; Gayle v. Car Co., 177 Mo. 427; Funk v. Furnace Co., 82 Mo. 276; O'Hara v. Laclede Gas L. Co., 244 Mo. 395; Kipp v. Oyster, 133 Mo. App. 711; Simmons v. Murray, 234 S. W. 1012; Standard Oil Co. v. Anderson, 212 U. S. 215.

*Joseph C. McAtee* for respondent.

To obtain the shield of an independent contractor, the owner or proprietor must, first, select a competent and fit person, engaged in an independent calling; second, the work committed to him must be neither attended

with danger to others, nor unlawful; third, the contractor must be allowed to do the work according to his own methods and only subject to control by the owner as to the results of his work. Without the concurrence of each, and all of these conditions, the condition of independent contractor cannot legally · exist. Dillon v. Hunt, 82 Mo. 150, 65 L. R. A. 459; Salmon v. Kansas City, 241 Mo. 57; Loth v. Theatre Co., 197 Mo. 354; Jensen v. Barbour, 15 Mont. 582; O'Neill v. Blase, 94 Mo. App. 648; Mullich v. Brocker, 119 Mo. App. 338.

HIGBEE, C.—Plaintiff recovered judgment against the defendants for damages in the sum of $3,000 for the killing of her husband, which, on appeal to the St. Louis Court of Appeals, was affirmed by the majority opinion as against the defendant Frederick Miller, and reversed as to the defendant the West St. Louis Water & Light Company. One of the judges deeming the decision of the majority reversing the judgment against the corporate defendant, contrary to the decisions of this court, the case was accordingly certified and transferred to this court, as required by Section 6 of the Amendment of 1884 to our Constitution. The majority and minority opinions, which are reported in 251 S. W. 450, fully state the facts in the case. Briefly, they are: The corporate defendant had laborers employed at a distance from their homes and, in addition to their wages, it had agreed to convey them to and from their place of work. A man by the name of Harris had conveyed some of the laborers to their place of work on the morning of July 13, 1918. During the afternoon he telephoned the defendant Miller, the foreman of the company, that his automobile was broken. In similar exigencies on former occasions, Miller had taken the workmen to their homes in his truck and received three dollars from the company for each trip. This was in accordance with an understanding he had with the manager of the company. On the evening in question, pursuant to this understand-

ing, he took some of the workmen to their homes in his truck, and, as the jury found on substantial evidence, negligently ran his truck against plaintiff's husband on a public highway, inflicting injuries from which he died in a few hours. As said in the dissenting opinion: "It appears that Miller was not engaged in an independent occupation or employment as a carrier of passengers, had not done such work for any one else, and only occasionally did it for the company."

There is no disagreement about the facts. It was held in the majority opinion that in carrying the workmen to and from their work, Miller was acting in the capacity of an independent contractor and that the company was not liable to respond in damages for the negligent killing of plaintiff's husband.

We do not think, as held in the majority opinion, that it can be said, as a matter of law, that in carrying the workmen to their homes Miller was acting as an independent contractor. We think the dissenting opinion of ALLEN, P. J., correctly declares the law in this respect. In Flori v. Dolph, 192 S. W. 949, at foot of column 2, p. 950, BOND, J., quoted approvingly from a standard authority, as follows:

"According to the definition substantially adopted by many courts, with some variation in language, an 'independent contractor' is one, who, exercising an independent employment, contracts to do a certain piece of work according to his own methods, and without being subject to the control of his employer except as to the result of his work.' [14 R. C. L. 67, par. 2; Thompson on Negligence, p. 899, sec. 22; McGrath v. St. Louis, 215 Mo. l. c. 210, 114 S. W 611.]'" See also O'Hara v. Laclede Gas Light Co., 244 Mo. l. c. 409, 148 S. W. 884; Loth v. Columbia Theater Co., 197 Mo. l. c. 354, 94 S. W. 847.

In Mullich v. Brocker, 119 Mo. App. l. c. 337, 97 S. W. 549, GOODE, J., said: "When a person is an independent contractor and when merely a servant, are questions that have engaged the attention of the appellate tribu-

nals of this State frequently; and yet we should hesitate to say that any test of universal application has been prescribed. Among others these cases may be consulted on the subject: Barry v. St. Louis, 17 Mo. 121; Morgan v. Bowman, 22 Mo. 538; Hilsdorf v. St. Louis, 45 Mo. 98; Fink v. Furnace Co., 82 Mo. 276; O'Neill v. Blase, 94 Mo. App. 648. In the recent case of Gayle v. Foundry Co., 177 Mo. 427, 446, the Supreme Court approved the following rule, taken from the work of Judge Thompson on Negligence, vol. 2, p. 899:

" 'The general rule is that one who has contracted with a competent and fit person, exercising an independent employment, to do a piece of work not in itself unlawful or attended with danger to others, according to the contractor's own methods, and without his being subject to control, except as to the results of his work, will not be answerable for the wrongs of such contractor, his sub-contractor, or his servants, committed in the prosecution of such work. An independent contractor is one who renders service in the course of an occupation, representing the will of his employer only as to the result of his work, and not as to the means by which it is accomplished.' [Gayle v. Foundry Co., 177 Mo. l. c. 446.]

"In the same opinion the definition of Shearman & Redfield on Negligence was approved. It reads as follows:

" 'Although, in a general sense, every person who enters into a contract may be called a "contractor," yet that word, for want of a better one, has come to be used with special reference to a person who, in the pursuit of an independent business, undertakes to do a certain piece of work for other persons, using his own means and methods, without submitting himself to their control in respect of all its details. The true test of a "contractor" would seem to be that he renders the service in the course of an independent occupation, representing the will of his employer only as to the *result* of his work, and not as to the means by which it is accomplished.' [Vol. 1, sec. 164.]

"Judge Cooley says: 'The term contractor is ap-plicable to all persons following a regular, independent employment, in the course of which they offer their services to the public to accept orders and execute commissions for all who may employ them in a certain line of duty, using their own means for the purpose and being accountable only for final performance.' [Cooley on Torts (2 Ed.) top p. 647.]

"Wharton approves the following statement of the rule by Judge Sharswood in Painter v. Mayor of Pittsburg, 46 Pa. St. 313: 'It may be considered as now settled that if a person employs others, not as servants, but as mechanics or contractors in an independent business, and they are of good character, if there was no want of due care in choosing them, he incurs no liability for injuries resulting to others from their negligence or want of skill.' [Wharton, Negligence, sec. 181.]

"Now, without attempting to lay down a general rule for ascertaining when the law will treat a person doing work as a contractor, and when the relationship of master and servant will be enforced, we think it apparent that the court below was in error in holding as a conclusion of law that Schoenborn was an independent contractor, for this reason: so far as appears he had no regular vocation, and hired to the defendant as the result of soliciting casual employment. We find no countenance for the proposition that a person not especially qualified for a particular service, but ready to undertake any job which may be offered to him that he thinks himself able to perform, becomes, when hired for some job, an independent contractor, simply because the employer relinquishes control over the work and trusts to the employee's discretion. It looks like the employee must have a calling in which it is fair to presume he has developed skill, before he will be regarded otherwise than as a servant. We do not say he must have a trade or profession—be a skilled mechanic, doctor or lawyer; but he must hold himself out as having an occupation with which

he is familiar. In Fink v. Furnace Co., supra, the man who was held to exercise an independent calling and for whose acts the defendant company was not answerable, had a contract with the company to deliver sand to the furnace at so much a load. The facts of the present case are quite similar to those in O'Neill v. Blase, supra.''

The Mullich case was cited with approval and the cases are reviewed at some length in Semper v. American Press, 273 S. W. 186, where the St. Louis Court of Appeals held, quoting syllabus 1: ''Whether one, employed by publisher of newspaper to deliver packages of a certain edition to the dealers along a certain route, was an independent contractor, or a mere servant, relevant to publisher's liability to third person injured by assistant of deliverer, in throwing packages to sidewalk, held under the evidence a question for the jury.''

The question received careful consideration in O'Neill v. Blase, 94 Mo. App. 648, 68 S. W. 764. The action was for personal injuries caused by an attack upon the plaintiff by a cow. Blase had purchased the cow and employed Simon to ''fetch the cow down for him,'' and was to pay him fifty cents for delivering her. While taking the cow to defendant's premises she got away from Simon and injured plaintiff, for which injuries plaintiff recovered judgment against Blase for $1,000 damages. It was contended that Simon was an independent contractor. BARCLAY, J., in affirming the judgment, said, in part, at page 658:

''There is nothing in the nature of the employment or in the contract to indicate that Simon was not subject to the control, supervision and direction of Blase had he seen fit to exercise such control over Simon's movements. Nor is there anything whatever in the testimony to prove that Simon exercised a distinct calling as did the colored teamster, Stevenson, in Fink v. Furnace Co., 82 Mo. 276, and the licensed drover described in an English case cited by appellant. Simon was doing any sort of ordinary work at that time.

"To constitute an independent contractor, so as to relieve his employer from liability for his conduct, it must at least appear that the work to be performed was committed exclusively to the discretion of the contractor. The independence of the contractor may appear by the nature of the work sometimes and at other times by the terms of the contract, or by the calling of the contractor. The nature of the work in question in this case, no less than the agreement itself, totally fails to establish a foundation for holding Simon to be an independent contractor in the matter of driving the cow to defendant's place of business. The fact that the work was to be paid for in one price is not decisive of the question."

Judge BARCLAY, in his opinion, which is cited approvingly in Lawhon v. St. Joseph Veterinary Laboratories, 252 S. W. l. c. 48, refers to a number of decisions which support the conclusion that on the evidence it cannot be held as a matter of law that Miller was an independent contractor. See generally 26 Cyc. 1546B, and citations.

Other assignments of error were properly disposed of by the Court of Appeals. The judgment of the circuit court is therefore affirmed. *Railey, C.,* not sitting.

PER CURIAM:—The foregoing opinion by HIGBEE, C., is adopted as the opinion of the court. All of the judges concur.