**SOUTHWESTERN BELL TELEPHONE COMPANY, a Corporation (Plaintiff), Respondent,**

v.

**RAWLINGS MANUFACTURING COMPANY, a Corporation, William Quigley and Richard E. Harder (Defendants),**

**Richard E. Harder, Appellant.**

**SOUTHWESTERN BELL TELEPHONE COMPANY, a Corporation (Plaintiff), Appellant,**

v.

**RAWLINGS MANUFACTURING COMPANY, a Corporation, and William Quigley (Defendants), Respondents.**

Nos. 30943, 30944.

St. Louis Court of Appeals.

Missouri.

June 19, 1962.

Rehearing Denied Sept. 11, 1962.

John Mohler, Leo E. Eickhoff, Jr., Wm. C. Sullivan, Murry L. Randall, St. Louis, for appellant Southwestern Bell Tel. Co.

Wm. J. Becker, Clayton, for appellant Richard E. Harder.

Aubrey B. Hamilton, St. Louis, for respondent Wm. Quigley.

J. C. Jaeckel, St. Louis, for respondent Rawlings Mfg. Co.

WOLFE, Judge.

This is a suit to recover damages that the plaintiff sustained when its underground cables were caused to fall into an excavation made by a contractor employed by the Rawlings Manufacturing Company. The action is against Rawlings Manufacturing Company as employer, Quigley as its agent, and Harder as an employee making the excavation. There was a verdict and judgment for the plaintiff against all three defendants in the sum of $5,400.

The Southwestern Bell Telephone Company and William Quigley filed motions for a judgment in accordance with their motions for a directed verdict or, in the alternative, for a new trial. Richard Harder moved for a new trial. Harder's motion for a new trial was overruled and he appealed. The motion of Rawlings Manufacturing Company and Quigley's motion for a judgment on the pleadings were sustained and a judgment entered for them. From this the Southwestern Bell Telephone Company appealed. Both defendant Harder's appeal and the appeal of the plaintiff, Southwestern Bell Telephone Company, are herein considered.

The petition alleges that plaintiff had underground telephone conduits and cables in a public alley which adjoined the property of the Rawlings Manufacturing Company. The cables had been there since 1905 and were placed under the surface of the alley with the permission of the City of St. Louis. The Rawlings Manufacturing Company, in excavating for a basement on its own property, extended its excavation for three feet into the public alley, and the depth of the excavation was from 15 to 18 feet. The petition alleges that no permit was obtained from the Director of Streets and Sewers as required by Section 9 [Ordinance 30386], Section 92 [Ordinance 41298] of the Municipal Code of the City of St. Louis. It also alleges that the excavation was not braced or shored, in violation of Section 95 [Section 2321, Chapter 32, Article V, Revised Code 1936] and Section 107 [Ordinance 36721], Chapter 64 of the Code.

It alleges that Harder and Quigley were the agents and employees of the Rawlings Manufacturing Company, and that all of the defendants, in the exercise of ordinary care, should have known of the presence of the plaintiff's cables in the alley. The petition charges that Rawlings Manufacturing Company negligently failed to obtain a permit from the City of St. Louis as required by two of the ordinances pleaded. Quigley is charged with the same negligence, and Harder is charged with excavating without first determining if a permit had been obtained. The Rawlings Manufacturing Company is charged with the failure to require Harder to shore and brace the sides of the excavation, and Harder is charged with the failure to shore and brace the sides.

The defendant Rawlings Manufacturing Company, by their answer, denied that Quigley and Harder were their agents, and Quigley denied by his answer that Harder was his agent. Harder's answer was in the nature of a general denial.

The facts of the matter are that the Rawlings Manufacturing Company desired to erect an addition to buildings that they occupied in 1950. Architects were employed, and they prepared plans for a building 43 feet x 117 feet. On the north side of the building it was to extend 117 feet along a public alley. The west side of the building fronted on Jefferson Avenue for 43 feet, and to the south and east the new structure adjoined the existing buildings belonging to the Rawlings Manufacturing Company.

The plans called for an excavation under the proposed building and extending into a public alley upon which the Rawlings property line abutted. This "overdig" was for foundation footings which were to be put in.

The plaintiff introduced in evidence the following agreement entered into between

the Rawlings Manufacturing Company and J. Wm. Quigley:

"J. WM. QUIGLEY CON-
STRUCTION CO.

"General Repairing

"4625 Kossuth Avenue

"St. Louis 15, Mo.
"July 10, 1950

"Rawlings Mfg. Co.,
"2703 Lucas Ave.
"St. Louis, Missouri

"Gentlemen:—

"I propose to act as General Contractor and to supervise North Addition to Rawlings Manufacturing Company, as follows:—

"Obtain all sub-contractors' bids

"Select bidders best suited to perform the work

"Supervise all forms of construction and installations

"Obtain all licenses and permits pertaining to the work

"Erect temporary office and tool shed

"Stake out the job

"See that all material delivered on site is stored in the most convenient place and protected from the weather

"Give all lines, levels and grades to sub-contractors

"Lay out sub-contractor's work as building progresses

"Supervise all rough carpenter work and finish carpentry

"See that all crafts carry out their portion of the work in the best workmanlike manner, according to plans and specifications by Brussel and Viterbo, Engineers

"Settle any discussions or disputes that may arise between sub-contractors due to conflicting work

"Supervise all wrecking of rear walls of building

"Supervise protecting of working area of building when north wall is removed

"See that all sub-contractor's work is properly protected, such as covering of window jams, door jams, stone sills, etc., and that all well holes and stair ways are barricaded

"I shall spend as much time as is necessary to expedite construction of North Addition to the Rawlings Manufacturing Company, this supervision time to be a minimum of four (4) hours per day while work is in progress, for a fee of 10% (ten percent) of total cost of the above mentioned addition; fee to be payable monthly as work progresses.

"Yours very truly,
"(signed) J. Wm. Quigley

"JWQ:G
"Accepted July 10, 1950
"R. M. Co.—by O. D. Schnaare

"Sec."

The plaintiff also introduced in evidence a letter signed by Richard E. Harder and addressed to J. Wm. Quigley Construction Co., as follows:

"RICHARD E. HARDER
CONTRACTING CO.
"1518 Sulphur Avenue

"St. Louis 10, Mo.

"July 13, 1950

"J. Wm. Quigley Construction Co.,
"4625 Kossuth Ave.,
"Saint Louis, Missouri

"Subject: Rawlings Co., Addition

"Dear Sir:

"We propose to furnish the necessary equipment and labor for excavating the addition to the present building. This proposal includes all machine excavation, hand excavation, underpinning, removal of present concrete areaway, all back-filling, and replacing alley in rear where overdig occurs, according to plans shown me by you. This bid

also includes bracing of bank along the alley and Jefferson Ave. side.

"Basement is to be overdug approximately three feet.

"We will do the above mentioned work for the sum of (six thousand three hundred nineteen dollars and twenty five cents) $6319.25

> "Yours truly,
>
> "Richard E. Harder Contracting Co.
>
> "(signed) Richard E. Harder

"In strict accordance with drawings dated June 20th, 1950 and specifications therefor prepared by BRUSSEL & VITERBO ENGINEERS, as per set initialed by J. Wm. Quigley, which is to remain of record with Rawlings Manufacturing Co.

"July 18th, 1950   (signed) Richard E. Harder

"J. Wm. Quigley Construction Co.

"By (signed) J. Wm. Quigley

"Rawlings Manufacturing Company

"By (signed) O. D. Schnaare

> "Secretary"

Mr. Schnaare, who was employed by the Rawlings Company in 1950, testified that after the plans were completed the company entered into the above contract with Mr. Quigley, and that Quigley selected the subcontractors, which were approved by the architects and paid by the company.

Quigley had submitted the plans showing the "overdig" to the Building Department for the City of St. Louis and had obtained a building permit. This was the only permit applied for in connection with the work. About two weeks after the contract with Harder was signed he started the excavation.

In 1903 or 1904 the Kinloch Telephone Company had installed what was described as a multi-tile conduit in the alley in question. This installation had been made with the permission of the City of St. Louis. The conduit contained four tile ducts through which the lead-covered cables could

be run. Three of the four ducts had cables running through them, and the fourth was empty. These tiles, which were laid in sections, were encased in concrete after they had been laid. The concrete covered the ducts containing the cables and was about eighteen inches below the surface of the alley, which was paved with brick. These conduits below the surface ran parallel to the Rawlings property line and about three feet four inches from that line. The concrete casing was fourteen inches wide and seventeen inches high. The Southwestern Bell Telephone Company had acquired all of the property of the Kinloch Telephone Company.

Mr. Schnaare testified that in 1946 a survey had been made of the Rawlings property and the streets and alley upon which it abutted. The survey was offered in evidence, and it showed gas and water lines under the streets but it showed nothing in the alley except a brick sewer on the far side of the alley from the defendant's property.

As the work progressed the sides of the concrete covering of the conduit came into view near the top of the excavation. The concrete strip was observed by Quigley and Harder, but they did not know what it was. The conduits remained undisturbed near the top of the side until August 27. At that time part of the wall or side of the excavation caved in and the conduit above the cave-in fell. As it fell it pulled the rest of the conduit with it down into the excavation.

There was evidence that excavation to the depth dug should have been braced to prevent the wall from caving. To the contrary defendant Harder testified that bracing was unnecessary as the ground was hard. He testified that the cave-in was caused by heavy rains.

The cables served to connect two downtown exchanges and some municipal exchange connections. This service was cut off by the fall of the conduit, and the conduit itself was rendered useless. There

was evidence of the damage that plaintiff suffered by reason of this, and such evidence will be set forth in a discussion of the point in relation to its sufficiency.

The plaintiff introduced four city ordinances, over the objection of the defendants. Ordinance 36721 has to do with removing the lateral support of a public street or alley by excavation along the side of such street or alley. Ordinance 41298 requires that a permit be obtained for excavating in a public alley or street and requires a deposit to assure that the street will be returned to a proper condition after the excavation has been made. Ordinance 30386 makes unauthorized obstruction, excavation, et cetera in a public street or alley a misdemeanor and prescribes punishment for its violation. Chapter XXXII, Article V, Section 2321, Revised Code 1936, City of St. Louis, provides the manner in which excavated material must be removed and that excavations shall be done in such a way as to not inconvenience the public.

As stated, the jury returned a verdict for the plaintiff against all of the defendants, and the court sustained an after-trial motion for a judgment for the defendants Rawlings Manufacturing Company and William Quigley.

We consider, first, the appeal of the Southwestern Bell Telephone Company, which, of course, was directed to the court's action in entering a judgment for the two defendants, Rawlings Manufacturing Company and Quigley. The question of their liability hinges upon whether or not Harder, who did the actual excavating, was their servant for whose negligence they were liable, or an independent contractor for whose negligence they were not liable.

The appellant Telephone Company maintains here that Rawlings Manufacturing Company is liable because they were engaged in a trespass, and that by reason of this it does not matter what the status of Harder may have been. This is asserted as being based upon the rule that one cannot escape liability for an unlawful act by employing an independent contractor to do it. Williamson v. Fischer, 50 Mo. 198. See, also, Press v. Penny & Gentles, 242 Mo. 98, 145 S.W. 458. This would of course include a trespass if it were directed by the employer. Crenshaw v. Ullman, 113 Mo. 633, 20 S.W. 1077.

■ It is asserted that a trespass was directed by Rawlings Manufacturing Company. This is advanced for the first time on appeal, as the case was submitted to the jury only upon the negligence of the defendant's agents in failing to shore up or brace the excavation. We fail to find any evidence of trespass being directed, but if it were present it could not be considered, for it is foreign to the theory upon which the case was tried and submitted.

■■ It is asserted that Rawlings had a non-delegable duty to avoid causing damage to plaintiff's property. It is an established rule that an employer of an independent contractor is not liable for the torts of the contractor or his servants. There is an exception to this where the work, during its progress, creates a peculiar risk of bodily harm to others unless special precautions are taken. If the risk is such that it should be recognized by the employer and personal injury results to a third party by reason of the contractor's failure to take necessary precautions, then the non-delegable duty is imposed and the employer held liable. Stubblefield v. Federal Reserve Bank of St. Louis, 356 Mo. 1018, 204 S.W.2d 718. No such situation is here present. The relationship of an independent contractor existed between Rawlings Manufacturing Company and Quigley and Harder, and no evidence presented in any way brings into play exceptions which would make Rawlings Manufacturing Company liable for the omissions, if any, of the contractors. Williamson v. Southwestern Bell Telephone Co., Mo.Sup., 265 S.W.2d 354; Coul v. George B. Peck Dry Goods Co., 326 Mo. 870, 32 S.W.2d 758.

■ As for Quigley, his position was that of a general contractor charged with

sufficient control over the work to see that it was done according to the plans furnished by the architects. He had no control over Harder's employees, their payment, or the method of excavating. The fact that Quigley exercised a certain measure of control does not remove Harder from his status as an independent contractor and make him Quigley's agent. Quigley cannot therefore be held, under the doctrine of *respondeat superior*, for Harder's acts or omissions. Williamson v. Southwestern Bell Telephone Co., Mo.Sup., 265 S.W.2d 354, I. c. 358; Dulley v. Berkley, Mo.Sup., 304 S.W.2d 878; Wilkey v. Rouse Const. Co., 224 Mo. App. 495, 28 S.W.2d 674; McGrath v. City of St. Louis, 215 Mo. 191, 114 S.W. 611.

■ As for the ordinances and any permit required by them, there is no causal connection shown to be related to the ordinances and the damage suffered. If a permit had been obtained, it is certain that this would not have prevented the wall from caving, and neither is there any showing that such a permit would have revealed the presence of the cables. In fact, it is stated in the appellant Southwestern Bell Telephone Company's reply brief: "The liability of the defendants is not predicated upon a breach of a duty created by the City Ordinances. Their liability was based upon a breach of their common law duty to refrain from conduct of a character likely to cause injury to plaintiff's property without just cause or excuse."

For the reason stated we see no theory upon which Quigley could be held liable.

As to Harder's appeal, he does not question the sufficiency of the evidence to make a case against him. He knew from his experience in excavation work that there were underground installations of various utilities in the alleys and streets of St. Louis. He stated that the telephone conduit was exposed for about three weeks before it caved in. Harder did not know what it was, but he made no inquiry of the Telephone Company to find out if it was a conduit. He did not brace the face of the excavation.

He stated that in the matter of shoring and bracing he was the one who decided whether or not it should be done, and that he was not instructed by any one in relation to it.

■ Harder does contend that the court erred in submitting the case to the jury on common law negligence. He states that this was a departure from the pleadings which charged a violation of the ordinances mentioned. In State v. Mayfield, 365 Mo. 238, 281 S.W.2d 9, the Missouri Supreme Court held that ordinances may be pleaded where they might make applicable a common law rule of liability, and this is apparently what the plaintiff sought to do by its petition. In the case of State v. Mayfield, supra, the court clearly stated that it was dealing only with the sufficiency of the petition. It went on to say that the question of causation and applicability of the ordinance was a matter to be determined at the trial. As we stated, the ordinances here appear to have no application to the occurrence complained of or any causal connection with it. We therefore hold that it was error to permit their introduction into evidence.

■ Some objections are raised as to the proof of damages, but there is no contention that the amount of $5,400 is excessive. It is contended that the proper measure of damages was not the cost of repairing the cables, but the difference between their value before and after the occurrence. If this measure had been used, there was evidence upon which the jury could have found damages in the sum of $87,221.45. Where repairs can and are effected and they are less than the difference in value before and after damage, then the cost of repairs is the measure where such repairs completely restore the damaged article to its former condition. Conner v. Aalco Moving & Storage Co., Mo.App., 218 S.W.2d 830. The proof of the cost of such repairs was made from the books of the plaintiff company, and we find no error in connection therewith.

For the reasons stated, the judgment of the trial court in favor of defendants Rawlings Manufacturing Company and

Quigley is affirmed; and the judgment against Harder and in favor of the plaintiff is reversed and remanded for a new trial as to this defendant on the issue of liability only.

ANDERSON, P. J., and ELGIN T. FULLER, Special Judge, concur.