# OTTO PRESS v. ALEXANDER PENNY and JOHN GENTLES, Appellants.

**Division One, March 29, 1912.**

1. **EASEMENT: of Abutting Proprietor in Street.** An abutting proprietor has an easement of access in the street which is as much property as the land to which it pertains.

2. **NEGLIGENCE: Injury of Pedestrian on Sidewalk: Liability of Abutting Owner.** The defendants, who were tenants in possession of a building abutting on a busy street, employed an independent contractor to take down a framed muslin sign tacked above the first story of defendants' building. While drawing a nail an employee of the contractor fell from a ladder resting upon the sidewalk and injured the plaintiff, a passer-by. *Held*, that the work itself, performed at the time and place mentioned, was not of such kind as to render the defendants liable for injury growing out of its proper performance.

3. ———: **Maintaining Dangerous Condition on Property.** An owner who contracts for the creation of a condition on his property which is dangerous to third persons will be liable for injuries resulting therefrom.

4. **NEGLIGENCE: Of Independent Contractor: Injury to Pedestrian on Sidewalk: Liability of Abutting Owner.** A tenant in possession of a building abutting on a street is not liable for injury to a pedestrian on the sidewalk caused by the negligence of a workman employed by an independent contractor in taking down a sign on the outside of the building.

   BOND, C., concurs in the result for the sole reason that the work was not such as is ordinarily "attended with danger," and hence the owner incurred no liability by letting it to a competent contractor.

   WOODSON, J., concurs for two additional reasons: first, because the record shows that plaintiff's injuries were the result of accident and not of negligence; second, because even though it be conceded that his injury was the result of negligently pulling the nail, yet it cannot be said that the defendants or the contractors could have reasonably foreseen such result.

Appeal from the St. Louis City Circuit Court.—*Hon. C. C. Allen*, Judge.

REVERSED.

*Watts, Williams & Dines, W. R. Gentry* and *James C. McBaine* for appellants.

(1) The finding and judgment should have been for defendants. 1st. Because there was no negligence on the part of any one proven in this case which caused, or contributed to cause, the plaintiff to be injured. The undisputed facts show that the injury to plaintiff was the result of an unforeseen accident, for which nobody was liable. 2d. The defendants are not liable in this case for the acts of Rule, even if the court should find that Rule's negligence injured the plaintiff. Rule was employed by an independent contractor and the defendants had no control whatever over him. Independence v. Slack, 134 Mo. 66; Loth v. Theater, 197 Mo. 354; Richmond v. Sitterding, 111 Va. 354; Crenshaw v. Ullman, 113 Mo. 633; Williamson v. Fischer, 50 Mo. 178; Homer v. Nicholson, 56 Mo. 220; Benjamin v. Railroad, 133 Mo. 274; Long v. Moon, 107 Mo. 334; Strauss v. Louisville, 55 S. W. 1075; McCarty v. Parish, 36 Am. Rep. 320; Hexamer v. Webb, 101 N. Y. 577; Johnson v. Helbing, 92 Pac. 360; Geist v. Rothschild, 90 Ill. App. 324; Boomer v. Wilbur, 176 Mass. 482; Smith v. Exchange, 91 Wis. 360; Symonds v. Directors, 105 Md. 254; DeForest v. Wright, 2 Mich. 368; McNulty v. Ludwig, 100 N. Y. Supp. 703; Massey v. Oates, 39 So. 142; Neumeister v. Eggert, 52 N. Y. Supp. 481; Francis v. Johnson, 127 Iowa, 391; Sanford v. Railroad, 33 L. R. A. 564; Hilliard v. Richardson, 63 Am. Dec. 743; Scammon v. Chicago, 25 Ill. 424. (2) The action of the court in ruling on the declarations of law submitted, showed that the court tried the case on the wrong theory.

*Percy Werner* and *A. C. Dobie* for respondent.

(1) There are three theories, on either of which a finding for plaintiff can be sustained: First, negligence of the contractor's servants in handling the lad-

der on the public sidewalk; second, the necessary use of the sidewalk at the place and time in question for the purposes for which Scott and Wolff Painting Company was employed by appellants; third, the creation of a nuisance on the public sidewalk. (2) The rule that one employing an independent contractor is not himself liable for an injury to a third person is subject to the qualification that the work which the independent contractor is to do is neither unlawful in itself nor dangerous to others. Independence v. Slack, 134 Mo. 75; Peters v. Railroad, 131 S. W. 917; Thompson on Negligence, sec. 621; Curtis v. Kiley, 153 Mass. 123. (3) Defendant was liable for injuries caused by the servants of the Scott and Wolff Painting Company, in removing the sign from in front of the building in question. Loth v. Theater, 197 Mo. 328; O'Hara v. Gas Co., 131 Mo. App. 428; French v. Coal Co., 81 N. E. 265; McHarge v. Newcomer, 117 Tenn. 595; Bridge Co. v. Steinbrock, 61 Ohio St. 215. It being necessary to place the ladders on a public sidewalk in the busiest part of the city, defendants' contract with the painting company was to do that which was not only dangerous to the public, but also unlawful. Pollock on Torts (Webb's Am. Ed.), p. 624; Ellis v. Gas Co., 2 El. & B. 767; 2 Cooley on Torts (3 Ed.), pp. 1088-93. The above propositions are supported by the very authorities cited by appellants. See, also, 16 Am. and Eng. Ency. Law (2 Ed.), 196-7; Houghton v. Lumber Co., 14 L. R. A. (N. S.) 913; Water Co. v. Ware, 16 Wall. 566. (4) Setting up two ladders on a sidewalk in midday on a busy thoroughfare and allowing two men to mount these ladders and attempt to handle a large, cumbersome, unwieldy muslin sign, in windy weather, constituted a nuisance. Waller v. Ross, 100 Minn. 7. (5) The exceptions to the rule exempting an employer from liability for the negligence of the servants of an independent contractor, include cases, first, where the employer contracts to

have something done which obviously exposes others to peril; second, where the work contracted for di- rectly results in a nuisance flowing therefrom; and, third, where the party engaging the independent contractor is under a legal duty to see that the work is properly performed.  2 Cooley on Torts, pp. 1088-1097; Woodman v. Metr. R. Co., 149 Mass. 335; Curtis v. Kiley, 153 Mass. 123; Robbins v. Chicago, 71 U. S. 657; Kampman v. Rothwell, 107 S. W. 120.  (6) Work on or over a public highway is intrinsically and necessarily dangerous to the traveling public, and the duty rests on the principal to see that due care is observed for their safety. Cooley on Torts, p. 1095; 1 Thompson on Negligence, secs. 648-652; Wiggins v. St. Louis, 135 Mo. 558; Davis v. Whiting, 87 N. E. 199; Gray v. Gas Co., 114 Mass. 149.

BROWN, C.—This cause is certified to this court from the St. Louis Court of Appeals because one of the judges of that court sitting therein deems its decision contrary to the decision of this court in the case of Loth v. Columbia Theatre Co., 197 Mo. 328.  The opinion of the St. Louis Court of Appeals as well as the dissenting opinion of NORTONI, J., is found in volume 134 of the Missouri Appeal Reports at page 121 and following.  The judgment at the trial was for the plaintiff.  It was reversed by the decision of the Court of Appeals.

The action is for damages suffered by plaintiff on account of personal injuries.  The defendants were partners, doing a large retail dry goods business in a building of which they were tenants in possession, situated at the southwest corner of Washington avenue and Broadway, two of the most traveled streets in the city of St. Louis. Scott & Wolf Painting Company had a contract to paint, put up and remove all signs used by them.  At the time of the accident, January 12, 1907, there was a muslin sign stretched on a wooden frame

about twelve feet long and five feet wide, tacked over the water table above the first story of the defendants' building, on which was painted some advertisement relating to their business. It having served its purpose, they had telephoned the Scott & Wolff Painting Company to take it down. The company sent two men for that purpose with two ladders, one of them fourteen feet and the other sixteen feet in length, which they set up against the building so that they stood on the sidewalk about five feet from the wall, and went up to draw the nails from the sign so that it could be handed down. One of the men, in extracting a nail, misjudged the amount of force necessary for that purpose, and the nail unexpectedly gave way, causing him to lose his balance, and he fell upon the plaintiff, who was then passing along the sidewalk near the foot of the ladder, inflicting the injuries for which this suit is brought. The method adopted for removing the sign by the use of the ladder resting upon the sidewalk was a usual one.

The petition upon which the case was tried contains two counts upon the same injury. The first alleges that the ladder was, by the men working upon it, negligently permitted to fall, and that either the ladder or the man who was working on it fell onto and against the plaintiff. The second count charges that the "use of said street and sidewalk by the defendants under the circumstances mentioned was negligent and wrongful, and constituted a nuisance, and that it was defendants' duty to have protected plaintiff in his rightful use of said public sidewalk at the time in question, and that by reason of such negligent and wrongful use of the public sidewalk and street, and the breach of said duty by the defendants at the time and place in question, plaintiff sustained the injuries mentioned." The trial court being very properly of the opinion that upon the facts stated there was no question to submit to the jury other than the assess-

ment of damages, peremptorily instructed them that their finding must be for the plaintiff and against the defendants. The propriety of this instruction and the refusal of a peremptory instruction in their favor asked by defendants, fully present the only questions in the case.

The plaintiff in the two counts of his petition presents two separate phases upon either of which he might predicate his right to recover. (1) Negligence of the workman who fell upon him in causing the ladder to fall, and (2) negligence of the defendants in causing or permitting the work in question to be done in the time and manner indicated in the statement. We will for convenience present these questions in inverse order to that in which we have stated them.

I. It being admitted that "the work of removing the sign necessitated the occupancy of the sidewalk with ladders," the question is presented whether or not the defendants in directing the work to be done violated or infringed upon any right of the plaintiff as a traveler upon the street. The abutting proprietor has a right in the use of the street entirely distinct from that of the public. This is usually denominated "the easement of access," and constitutes the real foundation and consideration for those special burdens imposed upon them for the construction and improvement of such highways. This right is as much property as the land to which it pertains, and the Legislature can no more deprive a man of one than the other without compensation. [Lackland v. Railroad, 31 Mo. 180.] It has its foundation in a universal necessity, for of what public benefit would highways be unless in connection with the right of ingress and egress for the purpose of the traffic for which they are designed? It is true that the exercise of this right is, like the exercise of the right of the public to travel on the same highways, subject to the reasonable control

of the Legislature, applied either directly or through its municipal agencies, but each of these rights is subject to those modifications and restrictions necessary to the exercise of the other.

Judge DILLON in his excellent work on Municipal Corporations (4 Ed.), sec. 730, says: "But it is not every obstruction, irrespective of its character or purpose, that is illegal, even although not sanctioned by any express legislative or municipal authority. On the contrary, the right of the public to the free and unobstructed use of a street or way is subject to reasonable and necessary limitations and restrictions. The carriage and delivery of fuel, grain, goods, etc., are legitimate uses of a street, and may result in a temporary obstruction to the right of public transit. . . . Temporary obstructions of this kind are not invasions of the public easement, but simply incidents to or limitations of it. They can be justified when, and only so long as they are, reasonably necessary. There need be no absolute necessity; it suffices that the necessity is a reasonable one." This passage is quoted with approval by this court in Gerdes v. Iron Co., 124 Mo. 347, 354, and Corby v. Railroad, 150 Mo. 457, 467.

There is no more useful purpose to which a street may be put in behalf of the abutting proprietor than that which contributes to the growth and material development of the communities which it serves. While the public requires and demands the best facilities for travel, the necessity for these facilities is founded largely in the material growth and prosperity of the communities who maintain them. For this reason it has always been considered that the abutting proprietor was of right entitled, not only to transfer his materials for improving his premises from the street, but to hold it on the street or sidewalk for a reasonable time to enable it to be transferred directly to his structures. [Tolman v. Chicago, 240 Ill. 275, and cases cited.] The two classes of rights being co-existent

each must be exercised with reference to the existence of the other. In this case the use in question was one directly arising from the prudent and profitable use of the premises. The evidence does not show that any special or peculiar danger was connected with it. That an accident resulted in this case is perfectly true, but if that alone constitutes evidence of the dangerous character of the work, that question would cease to be an element in any judicial controversy of this character, because the happening of the accident would furnish the rule for its determination. We must hold then that there was nothing in the character of the work out of which this accident grew, or in the character of the place in which it was being done, that fixed upon the defendants liability on account of any accident growing out of its proper performance.

II. It is stipulated by the parties for the purposes of the trial and determination of this case that the muslin sign which was being removed from the front of the defendants' store at the time and place of the accident belonged to them and was being removed on their behalf by the Scott & Wolff Painting Company, which had a contract to paint, put up and remove all signs used by the defendants. This evidently means that with reference to this work the painting company was an independent contractor employing its own servants and doing the work in its own way, being bound to the defendants only for the result, and that the servants engaged in the work were not the servants of defendants and that therefore the rule *respondeat superior* does not apply between them, unless there is something in the circumstances of this case to take it out of the general and well established rule. We have seen that in contracting to have this work done the defendants were clearly within their rights, because the use to which the street would be put in the proper performance of the contract was one

to which it was lawfully subject, and was not particularly dangerous in its character.

The plaintiff, however, insists that there is some thing in its nature which calls for the personal supervision of the owner for whose benefit it is being done so that he cannot relieve himself of personal responsibility for the acts of workmen with whom he has no contract relation whatever. This principle, carried to its logical conclusion, would probably extend to all classes of work involving the use of the streets, and we should be slow to adopt it unless under the compelling influence of a settled judicial policy of our own State.

It is true that an owner who contracts for the creation of a condition on his own property which is dangerous to third persons will be liable for injuries resulting therefrom, for it is evident that one has no more right by contract to set traps for his neighbors than to set them with his own hand. Therefore one who digs or causes to be dug upon his own premises a pitfall so near to the street that travelers in the exercise of their right to pass along it are liable to fall in and be injured, must take care at his own peril to see that it is protected. This he may do personally or by contract, as best suits his convenience; if by contract, however, he is still responsible for the result. But if the contractor, while building a fence to protect it, should carelessly throw a stick or board upon a passer-by or negligently fall upon him himself, the owner would not be liable for a resulting injury, because it would not be caused by the pitfall, nor by the contract to protect it, but by a collateral act done in performance of a contract which does not contemplate, and gives no sanction to, carelessness.

This principle with its limitations is well illustrated by the late Massachusetts case of Davis v. Whiting, 202 Mass. 91. In that case the defendant, who, like these defendants, was the owner of a large store,

contracted with a painter to paint the iron shutters. In the doing of this job a light ladder scaffold was used, and while this was being raised by tackle hung from the cornice, it came in contact with the bottom of a shutter which had been carelessly left open, and raised it off its hinges so that it fell upon the plaintiff, a passer-by in the street. This case, in its facts, as well as in the principles involved, bore a striking resemblance to the one we are considering.

On the trial the following question was asked the jury and answered by them affirmatively in the verdict: "Was the work of painting the shutters necessarily attended with danger to persons passing along Belcher Lane?" There was a verdict for the plaintiff and in its opinion reversing it the Supreme Judicial Court said: "If the question meant, 'Was there such risk of accident from the probable negligence or want of skill of some of the workmen, as necessarily to involve an appreciable danger of injury to persons passing below,' there was evidence to warrant the finding. But the finding of this fact would not create a liability on the part of the defendant." Referring to the same line of Massachusetts cases cited in the plaintiff's brief in this case the court said: "It seems that the danger which the jury were permitted to find sufficient to create a liability on the part of this defendant was that which is incident to doing difficult work, where an injury may result from the lack of the exercise of skill and care, or even from pure accident. This is a different kind of danger from that which was made a ground of recovery in the cases above cited."

The light shed by this opinion upon the very question we are now considering will have to be our excuse for quoting a synopsis of the decision upon this point from the syllabus, as follows: "Where the owner of a building, who employed an independent contractor to paint the shutters thereon, had no right to, and did not, exercise control over the contractor, the mere fact

that the probable negligence or want of skill of the workmen might result in injury to persons passing below by the falling of the shutters did not render the owner liable for injuries so received, as the danger did not come from the condition of the property or the use to which it must necessarily be put in doing the work, but from the unskillful and . negligent act of the contractor and his servants.''

One phàse of this question is illustrated by the decision of this court in Wiggin v. St. Louis, 135 Mo. 558. A traveler fell into an unprotected excavation along the margin of the street, which had been dug as a cellar by a contractor in the performance of a contract to erect a building for the owner. This court reversed a judgment founded on a directed verdict for the owner, on the sole ground that her contract required the contractor to dig a cellar in that place and that, having caused the dangerous condition, the duty was upon her to protect it.

In the City of Independence .v. Slack, 134 Mo. 66, the other phase of the same question is illustrated. In that case also there was a directed verdict for the owners, the judgment upon which was sustained by this court. They were engaged in the construction of buildings abutting on the street and of a stone sidewalk on the street in front of the building and had made an excavation and prepared the street for laying the sidewalk. The excavation was guarded so as to prevent persons from falling therein and large stones were brought for use in the construction of the sidewalk. For the purpose of fitting and dressing these stones they were placed upon the street, leaving a passway three or four feet wide between them and the curbing, where they remained for two weeks or more. The owners had contracts with one Stewart to furnish the stones and construct the sidewalks in front of their respective buildings. In holding that the owners were not liable, this court said: ''There are some old Eng-

lish cases which hold generally and broadly that 'the person from whom the whole authority is originally derived is the person who ought to be answerable' whether the person who did the work was the servant or an independent contractor of the employer. [Bush v. Steinman, 1 B. & P. 404.] This rule was followed for a time in Massachusetts. [Lowell v. Railroad, 23 Pick. 24.] But it is now well settled in this country as well as in England, as a general rule, that one person is only liable for the act or negligence of another when the relation of master and servant exists between them. [1 Beven on Neg. (2 Ed.), pp. 718 *et seq.*] The facts bring this case within no recognized exception to this rule.''

The general rule, together with exceptions to its universal application, is well illustrated by the three cases from which we have already quoted. These so-called exceptions, it will be noted, refer to cases in which a primary duty rests upon the owner which he fails to perform. The foundation of *his* liability is his own failure to perform this duty and not the negligence of the independent contractor or his servants. Different aspects of the same question are also interestingly discussed in the following cases: Long v. Moon, 107 Mo. 334; Crenshaw v. Ullman, 113 Mo. 633; Benjamin v. Railroad, 133 Mo. 274; Williamson v. Fischer, 50 Mo. 198; Richmond v. Sitterding, 101 Va. 354; Hexamer v. Webb, 101 N. Y. 577.

Holding, then, as we do, that the use to which the street was being put in removing the sign in question was a lawful one, founded upon the easement of access incident to .the abutting property, it necessarily follows that such use and the general use of the public are mutual and interdependent. Had the plaintiff negligently knocked down the ladder and thus injured the man working on it, he would have been liable to respond in damages for the injury, and we can see no reason why a distinction should be made with respect

to such liability other than that arising from the applicability in this case of the doctrine *respondeat superior,* because the injury arose from the act of a servant of the Scott & Wolff Painting Company in the performance of the work for his master. If the doctrine contended for by plaintiff is to be followed in this case, it will logically lead to the liability of the tenant for any accident that may happen through the negligence of the driver in delivering a load of coal into his premises although it may have been purchased for delivery at that place.

We do not think Loth v. Columbia Theatre Company, 197 Mo. 328, is an authority against the view we have taken. The judgment against the defendant in that case was reversed and the case remanded by this court on the sole ground that it had been submitted upon the theory that the electric sign there in question was a nuisance *per se,* when in fact and in law it was not. It is true that the court, in its opinion, stated that under the pleadings and evidence the defendant would, had the case been properly submitted upon that issue, have been liable, but this statement was founded upon the record in that case, and should be disregarded in this.

It follows that upon the stipulation in this case the finding and judgment of the trial court should have been for the defendant, and its judgment for the plaintiff is accordingly reversed and the decisions of the St. Louis Court of Appeals affirmed.

*Bond, C.,* concurs in the result for the sole reason that the work in question is not such as is ordinarily "attended with danger," and hence the owner incurred no liability by letting it to a *competent* contractor.

PER CURIAM.—The foregoing opinion of *Brown, C.,* is adopted as the opinion of the court. All the judges concur.

WOODSON, J.—I concur with the opinion in this case for two additional reasons to those stated therein: first, because the record fails to show that the respondent was injured in consequence of negligence on the part of any one. His injuries were the result of an accident pure and simple (Zeis v. Brewing Association, 205 Mo. 638); and second, even though it be conceded that his injury was the result of negligently pulling the nail, yet it cannot be said that the appellants or the contractors could have reasonably foreseen the result thereof, namely, that the employee pulling the nail would fall from the ladder and upon the respondent.

If the result could not have been reasonably foreseen then there is no liability. [Zeis v. Brewing Assn., supra; Dean v. Railroad, 199 Mo. 386.]