Ruth Palmer (Plaintiff), Respondent, v. Hygrade Water and Soda Company, a Corporation, and Pepsi-Cola Company of St. Louis, Missouri, a Corporation (Defendants), Pepsi-Cola Company of St. Louis, a Corporation (Defendant) Appellant. —151 S. W. (2d) 548.

St. Louis Court of Appeals. Opinion filed June 3, 1941.

*Strubinger, Tudor & Tombrink, Bert E. Strubinger, H. P. Tudor*
and *Wm. H. Tombrink* for appellant, Pepsi-Cola Co. of St. Louis.

*Anderson & Whittington* and *Allen H. Whittington* for respondent.

HUGHES, P. J.—This is an appeal by defendant, Pepsi-Cola Company of St. Louis, from a judgment of the Circuit Court of the City of St. Louis sustaining plaintiff's motion for a new trial, following a jury verdict for the defendant. For the purposes of this appeal respondent concedes that the statement of appellant as set forth in its brief is acceptable and may be adopted. Such statement is adopted and is as follows:

"This action was instituted in the Circuit Court of City of St. Louis, Missouri, on August 23, 1939, by plaintiff; thereafter plaintiff filed an amended petition and defendants filed their joint answer

250

and plaintiff filed her reply thereto, and the cause proceeded to trial on said pleadings. The action arises because of injuries plaintiff alleges she sustained on June 25, 1939, when a bottle of Pepsi-Cola alleged to have been manufactured and sold by the defendants exploded while being handled by plaintiff in the confectionery store conducted by plaintiff. The plaintiff alleged that as a direct result of the carelessness and negligence of the defendants the said bottle exploded and injured plaintiff's right foot and hand; that the product was a carbonated beverage; that it was charged with carbonic acid gas which exerted an exploding pressure upon the bottle and that the bottle would not have exploded except for carelessness and negligence of defendants and that all the facts and circumstances concerning the manufacture, bottling and delivery of said product are peculiarly and exclusively within knowledge of defendants and unknown to plaintiff. The amended petition further alleged plaintiff exercised ordinary care for her own safety in handling said bottle.

"The joint answer of defendants was a general denial, and, further, that if plaintiff sustained injuries, such injuries were directly caused, or contributed to, by plaintiff's own carelessness and negligence in causing said bottle to strike or to be struck by some object while plaintiff was handling said bottle, causing said bottle to break and injuring plaintiff. The case was tried on the issues thus made up.

"The plaintiff was the only one who testified directly as to what is supposed to have occurred at the time. She stated she picked up two bottles from a case, one in each hand, and as she was straightening up the bottle in her left hand exploded. The soda case was under a candy counter and she pulled it out half way to get to it so she could put some bottles on ice. She claims she was in the act of taking the bottles out of the case to ice them when the bottle exploded.

"The defendants' evidence showed that the bottle bore definite and unmistakable evidence that it had been struck by some object and thus was caused to break. We will not go into details regarding this evidence which was given by Dr. A. L. Duval d'Adrian, who is considered one of the outstanding research chemists in glass, glass bottles and ceremics, and who studied at three European universities or colleges and who has pursued his profession closely in America for many years. His evidence is set out in the abstract. Other evidence indicated the methods used in the manufacture of Pepsi-Cola and also the care used in handling and placing the product on the market. The defendant received the verdict of the jury. Plaintiff duly filed her motion for new trial and specified the usual grounds for a new trial and the trial court sustained said motion 'on ground 9, instruction 9 thereof.' Instruction 9, given at request of defendant, is as follows:

" 'The Court instructs the jury that the mere fact that the plaintiff was injured, if so, and has sued to recover damages therefor, are of themselves no evidence whatever of the defendants' negligence or liability in this case unless the plaintiff, by a preponderance of the

credible evidence in this case, has established negligence on the part of the defendant as detailed and described to you in the other instructions given you by the Court.'

"The question presented is whether the said Instruction 9 is prejudically erroneous in the circumstances of this case."

Much difficulty is encountered by both courts and lawyers in applying even settled principles of law to the facts in a given case. The instructions are the written address of the presiding judge to the jury, informing them of the law applicable to the given facts which constitute the cause at trial, and are to be carried by the jury to their room for their guidance to a correct verdict according to the law and evidence. And inasmuch as the basis for the instruction is invariably the facts in the given case, it necessarily follows that seldom can instructions applying the same principle of law be couched in the same words when given in different cases. The instruction here under consideration, while not in precisely the same phraseology but with the same meaning and sense, has been given and approved in many negligence cases, whether involving the so called *res ipsa* rule or not. In simple words it merely reminds the jury that while the sympathy of any normal man goes out to one who is unfortunately injured, yet, there is no legal obligation upon anyone to make recompense for such injury unless by his wrongful act or omission he has been the procuring or proximate cause of the accident from which the injury ensued. The predominant question as to liability in every negligence case is, by whom and by what means was the injury inflicted, and ordinarily the extent or nature of the injury itself casts no light on that question.

In this case no specific negligence was plead in the petition and no specific negligence directly proved by the evidence. Plaintiff, as was her right and privilege, rested her case on circumstantial evidence, that is, that while she was handling a bottle of Pepsi-Cola in the usual and ordinary manner, the bottle exploded and she was injured. She plead her case and tried it on the theory of *res ipsa loquitur* (the transaction speaks for itself). But that theory only affected the degree or character of proof required of plaintiff, and did not relieve her of the burden of proving her case to the satisfaction of the jury by a preponderance or greater weight of the evidence. Even under the *res ipsa* rule it is not sufficient that plaintiff merely show an accident and a resulting injury, but plaintiff must go further with the proof and show that the accident was the result of defendant's negligence. And though plaintiff may do this by circumstantial evidence, that is, by showing that the accident occurred under such unusual circumstances that a reasonable mind would infer therefrom negligence on defendant's part, nevertheless, the burden of proof remains with plaintiff throughout the case. This is the theory on which the trial of this case was properly conducted. The jury were entitled to be instructed as to the law applicable to the facts in the case.

The gist of the criticized instruction, when stripped of explanatory words, was to the effect that the mere fact that plaintiff was injured and has brought suit .is no evidence of defendant's negligence or liability unless plaintiff has established the negligence of defendant by a preponderance of the evidence as described in the other instructions. Thus the instruction in terms directs the jury to the "other instructions," and one of the "other instructions" was plaintiff's Instruction No. 1 which in simple and clear words informed the jury .that negligence could be established by circumstantial evidence. The issue in the case was whether the bottle while being handled in the usual manner exploded and broke as plaintiff claims, or, whether plaintiff caused the bottle to strike or be struck by some object which caused it to break, as defendant claims. It is evident from the facts in the case that the nature and character of the wounds inflicted by the broken glass would throw no light on the issue of what caused the bottle to break. From aught that appears in the record the wounds could or would have been the same whether the cause of the breaking of the bottle was as plaintiff claims or as defendant claims.

There are cases where the nature and character of the wound inflicted, the injury, has a material bearing on the question of negligence, and such was the case of Orris v. Railway Co., 279 Mo. 1, 214 S. W. 124, which was a specific negligence case, one of the specifications being a defective spark arrester on a locomotive engine, which was designed to, and when in proper condition would, prevent hot cinders escaping. Plaintiff claimed a hot cinder did escape and injure his eye, and that the nature of the injury showed that it was caused by a larger hot cinder than could escape through a proper spark arrester. And so in that case it was important that the jury consider the injury in connection with the other facts and circumstances in determining whether the defendant was negligent in failing to have on its engine a proper spark arrester. And for that reason an instruction in the Orris. case, practically the same as defendant's Instruction No. 9 in this case, was held to be erroneous; however, such ruling was limited to the facts in that case, and the Supreme Court in the later case of Nicholson v. Franciscus, 40 S. W. (2d) 623, in approving a similar instruction, distinguished the Orris case from that case in these words: "The rule laid down in the Orris case is followed and applied by the courts only in that class of cases wherein the peculiar characteristics of the injury itself may be a link in the chain of circumstances, tending to prove the negligence alleged in the petition."

We have not overlooked plaintiff's claim in written argument that, "The undisputed evidence showed a wound caused by a deep penetration by some foreign matter indicating, if not compelling, the conclusion that it was caused by an explosion rather than an ordinary breaking of the bottle." However, we find no evidence to support this argument. The cut on the foot, while it severed an artery, was on the top of the foot where the bones are near the surface, and by

the nature of things it could not have been a deep penetration; likewise a cut on the finger could not be a deep penetration. There is nothing in the wounds to indicate the force with which the broken glass struck the plaintiff's finger and foot.

And so in the case before us, we cannot conceive how the plaintiff's injury could have the remotest bearing on whether the bottle, while being handled in the usual manner exploded and broke, or, whether plaintiff struck the bottle against something and caused it to break. Hence even under the Orris case the defendant was entitled to an instruction in this case that the fact of the injury was no evidence of defendant's negligence.

In the case of Barraclough v. Union Pac. R. Co. (Mo.), 52 S. W. (2d) 998, an instruction, almost identical with defendant's Instruction No. 9 in this case, was approved. Similar instructions were approved in Hicks v. Vieths (Mo.), 46 S. W. (2d) 604, and Gardner v. Turk (Mo.), 123 S. W. (2d) 158. These cited cases were not brought on the theory of *res ipsa loquitur;* however, the fact that this case is brought under that doctrine could not deprive the defendant of its right to this instruction. The rule as to such instruction is the same in a *res ipsa* case as an ordinary negligence case.

In the case of Sakowski v. Baird (Mo.), 69 S. W. (2d) 649, which is referred to as a typical *res ipsa case,* the trial court set aside a verdict for the defendant on the ground that it had committed error in giving an instruction as follows:

"The Court instructs the jury that although you believe and find from the evidence that the plaintiff in this case was injured, this fact alone, regardless of how serious such injuries to her person may be, will not warrant you in finding in favor of the plaintiff for any sum unless you further find and believe from the evidence that the defendant was negligent and that such negligence, if any, was the proximate cause of such injury, if any."

The Supreme Court reversed and remanded the cause with directions to set aside the order granting a new trial, reinstate the verdict, overrule the motion for a new trial, and enter judgment on the verdict. And in the course of the opinion the Supreme Court, with reference to this instruction, said: "It merely states an essential requirement to recovery in every case founded upon negligence whether it be a *res ipsa* or ordinary negligence case."

Respondent seeks to invoke the rule that if the trial court's ruling sustaining the motion for new trial may be justified on a ground other than that specified, the appellate court will affirm the ruling, and respondent says that defendant's Instruction No. 4 is erroneous in that it assumes that the act of striking the bottle was negligent. The Instruction is as follows:

"The Court instructs the jury that if you find and believe from the evidence in this case that on the occasion mentioned in the evidence the plaintiff caused the said bottle of Pepsi-Cola mentioned in the evidence

to strike or be struck by some other object while plaintiff was handling said bottle, if you so find, and that as a direct result thereof, if you so find, the said bottle broke, if so, and injured the plaintiff, if so, and that the breaking of said bottle was not caused by the negligence of the defendant, then your verdict must be in favor of the defendant and against the plaintiff.''

We do not think the instruction is subject to criticism. If the breaking of the bottle was caused by striking against some other object and not by the negligence of the defendant, defendant would not be liable; and this would be true whether plaintiff was negligent or not.

Respondent on the same theory criticizes defendant's instruction No. 6, which is as follows:

''The Court instructs the jury that the burden is upon the plaintiff to prove to your reasonable satisfaction by the greater weight or preponderance of the credible evidence in this case that the defendant was negligent as submitted to you in the other instructions given to you by the Court, and that such negligence, if any, was the direct cause of the plaintiff's injury. This burden continues and abides with the plaintiff throughout the entire trial of this case, and unless the plaintiff has proven said proposition to your reasonable satisfaction by the preponderance of the credible evidence, as above stated, then you will find your verdict for the defendant.''

We think under the authorities herein cited the burden of proof was on plaintiff regardless of whether the case be one under the res ipsa doctrine or ordinary negligence, and the instruction so told the jury.

It follows from what has been said that the order sustaining the motion for new trial should be set aside and the cause remanded that the verdict may be reinstated and judgment for defendant on the verdict. It is so ordered. *McCullen* and *Anderson, JJ.*, concur.