Mrs. Myrtle A. Stubblefield, (Plaintiff) Appellant-Respondent, v. Federal Reserve Bank of St. Louis, a Corporation, (Defendant) Appellant, Fruin-Colnon Contracting Company, a Corporation, (Defendant) Appellant, St. Louis Contracting Company, a Corporation, (Defendant) Respondent, John A. Gunn, Mrs. Catherine E. Gunn and Mrs. Louise T. Merritt, Doing Business as Swift Roofing Company, (Defendant) Respondent.—No. 40077.—204 S. W. (2d) 718.

Division Two, October 13, 1947.

*Lee, Fricke & Lee* for plaintiff-appellant.

*J. D. Leritz* for defendants-appellants Federal Reserve Bank of St. Louis and Fruin-Colnon Contracting Company.

1020

*Carpenter & Cleary* and *Byron G. Carpenter* for defendant-respondent St. Louis Contracting Company.

1022

*Fordyce, White, Mayne, Williams & Hartman, E. C. Hartman* and *F. W. Schwarz* for defendant-respondent John A. Gunn, Mrs. Catherine E. Gunn and Mrs. Louise T. Merritt, Doing Business as Swift Roofing Company.

BARRETT, C.—On September 5, 1945, Myrtle Stubblefield and her husband were walking on Broadway near Locust, in St. Louis, when a wooden wedge, 8 7/8 inches long and weighing about three and one half ounces, fell approximately 100 feet from near the top of the Federal Reserve Bank Building and struck her on the head and shoulder. To recover for her resulting injuries Mrs. Stubblefield instituted this action for damages against the Federal Reserve Bank, the owner of the building, Fruin-Colnon Contracting Company, a general contractor, and St. Louis Contracting Company and Swift Roofing Company, subcontractors. At the close of the evidence the trial court indicated that a verdict would be directed as to Swift Roofing Company and Mrs. Stubblefield took an involuntary nonsuit as to that defendant. Upon the submission of the cause the jury returned a verdict in favor of the three other defendants. The trial court granted the plaintiff a new trial as to the owner of the building, the Federal Reserve Bank, and as to the general contractor, Fruin-Colnon but refused to grant a new trial as to the two subcontractors. Upon this appeal Mrs. Stubblefield contends that she was entitled to a new trial as to all the defendants and the Federal Reserve Bank and Fruin-Colnon, upon their appeals, contend that the trial court was in error in granting a new trial as to them. The two subcontractors contend that the judgment should be affirmed as to them, in any event.

No written contracts were offered in evidence but it was stipulated and admitted that Fruin-Colnon Contracting Company, as a general contractor had entered into an agreement with the Federal Reserve Bank, as the owner, to make certain alterations on the building and to construct an addition to the building. It was also agreed that St. Louis Contracting Company had a subcontract to do certain stonework and that Swift Roofing Company had a subcontract to do the roofing work. As to the fall of the wooden wedge the plain-

tiff pleaded, in her petition, "That defendants negligently and carelessly supervised and performed said repair work to said stone cornice along and upon the roof of said building at the eaves thereof, fronting said public sidewalk, and negligently and carelessly permitted said large solid wooden wedge, . . . to be thrown, or fall, or drop, and to strike and injure plaintiff as aforesaid, and negligently and carelessly failed to erect any barrier or guard over or upon the entire length of said public sidewalk fronting said building, and negligently and carelessly failed to give any notice or warning to persons lawfully upon and using said public sidewalk . . . that there was danger in walking and traveling thereon from falling building and repair materials and debris, particularly said described solid wooden wedge, . . ." Liability against the three defendants was hypothesized upon a finding that the wooden wedge fell and struck the plaintiff while work was being done around the roof and stone cornice and "that defendants failed to erect any barrier, guard or covering over said sidewalk or failed to give any notice or warning to persons using said sidewalk that there was danger in walking thereon from falling building and repair materials . . ."

Upon Mrs. Stubblefield's appeal against all the defendants the substantial question is whether she was entitled to submit her cause upon the mere circumstance of the falling of the wooden wedge—res ipsa loquitur. The trial court was of the view that she had pleaded specific negligence and in effect, therefore, compelled her to accordingly ▮ submit her cause. The appellant points to the unexplained fall of the wedge and insists that the mere fact of its fall was such circumstantial evidence of negligence that she was entitled to have her cause submitted upon a finding of that fact alone.

▮ Had the plaintiff pleaded and, relied upon the mere circumstance of the fall of the wedge there could not be the slightest doubt but that she would have presented a typical res ipsa loquitur situation. Kelly v. Laclede Real Estate & Investment Co., 348 Mo. 407, 155 S. W. (2d) 90; Pandjiris v. Oliver Cadillac Co., 339 Mo. 711, 98 S. W. (2d) 969; Neal v. 12th & Grand Ave. Bldg. Co., 228 Mo. App. 536, 70 S. W. (2d) 136; Walsh v. Southwestern Bell. Tel. Co., 331 Mo. 118, 52 S. W. (2d) 839; Kean v. Smith-Reis Piano Co., 206 Mo. App. 170, 227 S. W. 1091. In the Kelly case a piece of terra cotta fell from a building and struck a man sitting on the sidewalk. In the Pandjiris case a brick fell from a third story window and struck a pedestrian. In the Kean case a flagpole fell from a building and hit a pedestrian. And, in the Neal case a stick of wood thirty-seven inches long and two inches square fell from the seventh story of a building in process of construction and struck a pedestrian. But, whether the basis of the view is sound or not (38 Am. Jur., Sec. 305, p. 1001), we are definitely committed to the rule that a plaintiff who pleads specific negligence is thereby precluded from relying upon res ipsa loquitur. The Mis-

souri cases are collected in the annotations 79 A. L. R. 48, 51-52; 160 A. L. R. 1450, 1453. In this case by pleading in addition to the fall of the wedge the failure to erect a barrier over the sidewalk and failure to warn of the attendant danger the plaintiff pleaded specific negligence. Rice v. White (Mo.), 239 S. W. 141.

But even so the further insuperable difficulty with the plaintiff's contention on this appeal is that she not only pleaded specific negligence but in addition proved it and if she is not precluded by her pleading from relying upon res ipsa loquitur she is certainly precluded by her proof. Powell v. St. Jos. Ry. L. H. & P. Co., 336 Mo. 1016, 1021, 81 S. W. (2d) 957, 960; Berry v. Kansas City Pub. Ser. Co., 343 Mo. 474, 121 S. W. (2d) 825. It may not have been within her power to demonstrate the cause of the wedge's fall. And, had her cause been otherwise submissible under the res ipsa loquitur doctrine, the fact that it was a fair inference from her evidence that the wedge fell while the St. Louis Contracting Company was in the process of resetting the cornice stones would not have deprived her of her right to a res ipsa loquitur submission as a plaintiff does not lose the benefit of the doctrine by introducing some evidence of the defendant's negligence. Conduitt v. Trenton Gas & Electric Co., 326 Mo. 133, 143, 31 S. W. (2d) 21, 25. But in this case the plaintiff's argument ignores the fact that she proved, as she had alleged, by herself, by her husband and by the only eyewitness to the wedge's fall that there was no "covering, guard, barrier or any protection for the public on that sidewalk on the east side of Broadway adjoining the Federal Reserve Bank Building." She used the general contractor's superintendent as a witness and he testified that there was no covering or roof over any barricade around the building. He stated that a permit had been issued for the erection of a barrier but it was his position that it was the duty of the subcontractors to erect any guards or barriers. This, obviously, was proof of the alleged primary negligence and of a cause of the incident and injuries complained of and she was not therefore entitled to a res ipsa loquitur submission of her case (Conduitt v. Trenton Gas & Electric Co., supra; Sanders v. City of Carthage, 330 Mo. 844, 51 S. W. (2d) 529) even though she could have pleaded and proved the mere fall of the wedge and thereby invoked and had a recovery upon the res ipsa loquitur doctrine. Kean v. Smith-Reis Piano Co., supra. It follows that there was no error in the court's refusal of her instruction hypothesizing the defendants' liability upon a finding of the inferences permissible under the res ipsa loquitur doctrine.

The plaintiff's claim that she is entitled to a new trial as to the St. Louis Contracting Company and the Swift Roofing Company as well as against the owner of the building and the general contractor is connected, for the most part, with her contention that she was entitled to a res ipsa loquitur submission of her case. She contends,

in that connection, that the enforced submission of specific negligence led to a confusion and contradiction in the instructions and an absurd result. But we are not faced with the problem of deciding whether the plaintiff would be entitled to a new trial as to all the defendants if she were entitled to a res ipsa loquitur submission of her case.

The only instruction offered on behalf of the St. Louis Contracting Company was on the burden of proof. The owner and general contractor offered instructions hypothesizing the St. Louis Contracting Company's negligence as the sole cause of the incident and injuries complained of. Its liability, as we have said, was hypothesized upon a finding of the fall of the wedge, the failure to erect a guard or barrier and failure to warn of the danger. There was evidence from which the jury could have found that the St. Louis Contracting Company was resetting the stone cornice and that while it was doing so the wedge fell and injured the plaintiff because of the company's negligence in the respects pleaded and submitted. There was also evidence from which the jury could have found that the plaintiff had not sustained an injury as a result of the wedge hitting her. But, in any event, the plaintiff's charges of negligence and of injury were denied and the defendant was entitled to have the jury pass upon the credibility of her evidence and she is concluded by the jury's finding against her as to the St. Louis Contracting Company. Cluck v. Abe, 328 Mo. 81, 40 S. W. (2d) 558; Gannon v. Laclede Gas Light Co., 145 Mo. 502, 515, 46 S. W. 968. It was for the trial court alone to say whether the jury's verdict was against the weight of the evidence in either of these respects. Ostmann v. Ostmann (Mo.), 183 S. W. (2d) 133, 135.

As to the Swift Roofing Company (a partnership), the admission was that they had a contract to repair and replace the roof. The general contractor's superintendent testified that on the day in question employees of the St. Louis Contracting Company were working on the building and were on the roof. As the wedge fell and hit the plaintiff four or five men were seen leaning over the roof. But there was no evidence from which the jury could find that any Swift Roofing Company employees had anything to do with the negligence and injuries complained of or even that any such employees were on the roof that day. There was evidence that one of Swift's trucks was parked on the Locust Street side of the building but there was no circumstance from which the jury could find that they were on the roof or had anything to do with the fall of the wedge. There was no proof therefore that Swift Roofing Company had anything to do with the instrumentalities producing the injury or that they were negligent in any manner and the court properly directed a verdict in their favor. Streicher v. Mercantile Trust Co. (Mo.), 62 S. W. (2d) 461; Pietraschke v. Pollnow (Mo. App.), 147 S. W.

(2d) 167; Luettecke v. St. Louis, 346 Mo. 168, 140 S. W. (2d) 45; Brown v. St. Louis County Gas Co. (Mo. App.), 131 S. W. (2d) 354.

■ The trial court granted the plaintiff a new trial as to the owner of the building, the Federal Reserve Bank, and the general contractor, Fruin-Colnon Contracting Company, upon the specified ground that error had been committed in giving their instructions numbered three and four. In this connection the plaintiff contends that it was also error to have given instructions six and eight. Instructions three and six relieved these two defendants of liability if the jury found that the negligence of the St. Louis Contracting Company was the sole cause of the plaintiff's injuries. Instructions four and eight told the jury that they could not find a verdict for the plaintiff from the mere fact of her injury and concluded by instructing that they could not find for the plaintiff and against these two defendants unless they found that plaintiff's injury "was caused as the result of negligence on the part of said defendant(s) . . . " Upon the appeals of the owner and the general contractor it is urged that these instructions were harmless, if error, and in any event that the jury ignored them. The essence of their appeals, however, is that as owner and general contractor they are not liable for the tortious conduct of their subcontractor, St. Louis Contracting Company.. ■ They contend that it is an admitted, incontrovertible fact that they had a contract with an independent subcontractor, that the fall of the wooden wedge was the result of negligence on the part of the independent contractor's employees, that the work was not inherently dangerous and therefore there was no primary obligation on the part of the owner and general contractor to erect barricades or warn pedestrians of the danger of falling materials. Press v. Penny & Gentles, 242 Mo. 98, 145 S. W. 458.

No one would question the owner's and general contractor's position in general. As an exception to the principle of respondeat superior "the employer of an independent contractor is not subject to liability for bodily harm caused to another by a tortious act or omission of the contractor or his servants." 2 Restatement, Torts, Sec. 409. The doctrine is analyzed and the cases applying the rule are collected in the annotation in 18 A. L. R. 801. Aside from the fact that there has long been a tendency to abridge the employer's immunity in such cases (18 A. L. R., 1. c. 836), there are certain instances in which the rule is not applicable in any event. Annotations 21 A. L. R. 1229; 23 A. L. R. 984; 115 A. L. R. 965. One of the well-recognized exceptions to the rule contended for by these two defendant-appellants is that, "One who employs an independent contractor to do work, which the employer should recognize as necessarily requiring the creation during its progress of a condition involving a peculiar risk of bodily harm to others unless special precautions are taken, is subject to liability for bodily harm caused to them by the

failure of the contractor to exercise reasonable care to take such precautions." 2 Restatement, Torts, Secs. 413, 416. If the circumstances fall within this rule a primary, non-delegable duty is imposed upon the employer—or here upon the owner and general contractor and they may not escape that duty or responsibility upon the plea of independent contractor. Annotations 23 A. L. R. 984; 115 A. L. R., 1. c. 977.

For example in Privitt v. Jewell (Mo. App.), 225 S. W. 127, the wall of a building in process of construction fell and the court said, 1. c. 128: "The erection of the building produced a situation of inherent danger to the public passing on the sidewalk, dangers that could reasonably be anticipated by defendants as being likely to result in injury, if proper precautions were not taken, either by erecting guards or barriers or building a covering over the sidewalk. The duty of using reasonable care to protect the public from injury was a primary obligation resting upon the defendants, which they could not escape by letting the contract for the building to some one else." In Neal v. 12th & Grand Ave. Bldg. Co., supra, the court held that the fall of the stick and the unprotected walk constituted negligence and involved inherent danger and the owner could not escape responsibility upon the plea of independent contractor. In Loth v. Columbia Theatre Co., 197 Mo. 328, 94 S. W. 847, liability was imposed upon the owner when an independent contractor permitted a large sign to fall from a balcony upon a pedestrian. So it was in this case, the independent contractor, St. Louis Contracting Company, was removing and resetting the cornice stones, each stone weighed from 300 to 500 pounds, one hundred feet above one of the downtown streets of St. Louis. The superintendent testified that the wooden wedges would fall when the stones were moved unless the workmen held on to them. The sidewalk was unprotected. The mere recital of the nature of the work and the surroundings demonstrates its inherent danger and there was a primary, non-delegable duty upon the owner and the general contractor to take measures commensurate with the danger. The difference in the case at bar, the three cases cited above and Press v. Penny & Gentles, 242 Mo. 98, 145 S. W. 458, is that in the latter case "The evidence does not show that any special or peculiar danger was connected with it," that is with the removal of the wooden framed muslin sign.

This is not to say that the appellant-defendants may not be entitled to a properly drafted and applicable instruction to the effect that a verdict could not be found upon the mere fact of the plaintiff's having been injured. Palmer v. Hygrade Water & Soda Co., 236 Mo. App. 247, 151 S. W. (2d) 548. ■■■ Nor does it mean that they may not be entitled to a properly drafted and factually applicable burden of proof instruction. Sakowski v. Baird, 334 Mo. 951, 69 S. W. (2d) 649. But it is to say that in this case it was prejudicial error to

1028

give the appellant-defendants instructions three and four and six and eight which in effect absolved them of liability if the injuries complained of were due solely to the negligence of their independent contractor or unless they were caused by acts of negligence on the part of these two defendants or their employees. In effect these instructions erroneously presented the defense of independent contractor (Privitt v. Jewett, 225 S. W. l. c. 129) which we have said has no place as a defense in this case. It follows that the trial court was not in error in granting a new trial as to these two parties.

None of the assignments of error being well-taken, the judgment is affirmed and remanded. *Westhues* and *Bohling, CC.*, concur.

PER CURIAM:—The foregoing opinion by BARRETT, C., is adopted as the opinion of the court. All the judges concur.