**BROWN v. COMMERCE TRUST CO. et al.**

No. 5675.

United States District Court
W. D. Missouri, W. D.

July 30, 1949.

Leslie J. Lyons, Donald E. Lyons, Kansas City, Mo., for plaintiff.

Leo T. Schwartz, John A. McGuire, Kansas City, Mo., for defendant Hiram Elliott Const. Co.

Spurgeon L. Smithson, Kansas City, Mo., for defendant Commerce Trust Co.

REEVES, Chief Judge.

This is an action for damages alleged to have accrued to plaintiff while she was on the premises of the Commerce Trust Company in process of transacting business with said company.

It is averred by plaintiff that "iron and steel grating and bankteller cage parts piled in stacks fell over, upon, and against plaintiff, as the direct and proximate result of the negligence and carelessness of and while in the possession and control of defendant, Commerce Trust Company, etc."

Apparently there is no controversy but that the plaintiff did suffer an injury in the manner asserted by her. The Commerce Trust Company alleges, however, in a cross-claim against defendant Hiram Elliott Construction Company that said company "was doing certain alteration or repair work on the said premises of this defendant" and "that if the plaintiff sustained any injuries at the time and place aforesaid the same occurred without any fault on the part of this defendant and wholly by reason of such negligence of the defendant Hiram Elliott Construction Company in causing said stacks to fall over upon and against the plaintiff, and that if this defendant be compelled to pay damages to plaintiff because of such primary negligence of defendant Hiram Elliott Construction Company, this defendant has and hereby asserts a right of indemnity over against said defendant Hiram Elliott Construction Company for such damages and for its reasonable attorney fees, expenses and costs herein."

It is argued by Hiram Elliott Construction Company that these averments are vague and indefinite and fail to indicate upon what theory the defendant Commerce Trust Company could make a legal claim against it.

1. It is the rule that an independent contractor is alone liable for injuries resulting solely from the negligence of such contractor or its employees. 45 C.J. Section 312(b) p. 880; Press v. Penny, 242 Mo. 98, 145 S.W. 458, 18 A.L.R. 794. However, there are numerous and important exceptions to this general rule. For instance, if the work contracted for is of such a nature that is likely to render the premises dangerous, or if the owner fails to perform a duty imposed by a statute or an ordinance, or if, in the exercise of control over the premises, the owner knows or could have known of the defect causing the injury, liability might be imposed upon the property owner. 45 C.J. Section 312 (b) page 880.

It would follow, therefore, that the Commerce Trust Company would have a right to assert a claim against its codefendant if there should be a recovery against the property owner, conditioned, of course, that the contractor was primarily liable for the accident.

2. By paragraph (g) of Rule 13, Federal Rules of Civil Procedure, 28 U.S.C.A., it is there specifically provided that:

"A pleading may state as a cross-claim any claim by one party against a co-party arising out of the * * * occurrence that is the subject matter * * * of the original action. *Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.*" (Italics mine.)

It would be difficult to state in what manner the defendant Commerce Trust Company could have more aptly framed an allegation of a claim against its co-defendant in advance of actual adjudication. Quite clearly, if a claim should be established against the Commerce Trust Company under one of the exceptions to the general rule above noted, it would have recourse, by way of indemnity against its co-defendant, whose primary negligence had caused the damage.

To require a pleading in this case to be amplified would be a violation of Rule 8, Federal Rules of Civil Procedure, to the effect that the claimant shall do no more than make "a short and plain statement of the claim showing that the pleader is entitled to relief."

If the movant in this case should want further information the rules of discovery are available and would be efficient for the purpose. Accordingly, the motion for a more definite statement should be and will be overruled.