**STATE of Missouri ex rel. STATE HIGH-WAY COMMISSION, Plaintiff-Respondent,**

v.

**Doyle S. SMITH et al., Exceptions of Arthur J. and Estella M. Haney, Defend-ants-Appellants.**

No. 51039.

Supreme Court of Missouri,

Division No. 2.

July 12, 1965.

Motion for Rehearing or to Transfer
to Court En Banc Denied
Sept. 13, 1965.

Robert L. Hyder, Thomas E. Cheatham, Jefferson City, for plaintiff-respondent.

Claude T. Wood, Richland, Hubert E. Lay, Houston, for defendants-appellants.

BARRETT, Commissioner.

■ In relocating, reconstructing and improving, with limited access, 7.124 miles of U. S. Highway 63 through Texas County the state condemned a part of a tract of land on the outskirts of Houston belonging to Arthur J. and Estella M. Haney. By their proof the Haneys claimed damages of $18,000 (the lowest) to $35,000 (the highest estimate), the state by its proof admitted damages of $6000 to $7700, a jury returned a verdict of $10,000 and the landowners have appealed asserting in damages a sum in excess of $15,000 and jurisdiction of the cause is appropriately in this court. State ex rel. State Highway Comm. v. Rauscher Chevrolet Co., Mo., 291 S.W.2d 89, 55 A.L.R.2d 773.

The exact measurement and area of the Haneys' land does not appear, it was a triangular-shaped tract consisting of about one acre and the state appropriated .2 of an acre at the east tip or angle. The taking of the tip left the tract in a five-sided area, rectangular in shape. In the middle of the tract, before and after the taking, the Haneys had a six-room modern cobblestone house with full basement. On the southwest corner of the plot they maintained and operated a general grocery store in which they also sold some nursery plants and hardware. On the .2-acre tip the Haneys maintained a hotbed, including a boiler, in which they raised plants. The entire plot of ground and improvements was located just off Highway 63, no part of the tract touching the main highway and there was no direct access to it. Access to Highway 63 was from Route F 305 feet across the south side of the appellants' property. Route F led from Highway 63 just each of the Haneys' land. At the southwest corner Route F joined Route O,

almost at a right angle and Route O was along the west side of the property.

The effect of the relocation of Route F was that there was a riprapped ditch on the south of the Haneys' property, it no longer fronted directly on the roadway and of course there was no longer direct access to Route F from their property. And on the west side off of Route O a twenty-four foot entrance, near the store building, was provided for the plot. In addition to the loss of the .2 of an acre of ground and the 72 feet by 32 feet hotbed, which with its plants Mr. Haney valued at $1800.00 and the boiler at $800.00, the principal injury or loss was parking for themselves and their customers on the right-of-way of Route F adjacent to and in the area of their grocery store. At one point in the course of their argument the appellants make this statement: "We submit that the real crux of the damages to the defendants was the destruction of their parking areas," formerly a possible 35 parking areas, now 7 or 8. Upon this appeal, however, it is only indirectly by the mere fact of the appeal itself that the appellants assert the inadequacy of the $10,000 award. As indicated from the estimates of damages at the outset, the appellants concede as indeed they must that there was substantial evidence to support as a maximum loss the $10,000 award. In recognition of this fact the appellants contend that they are entitled to a new trial and assert as grounds therefor three assignments of error; that the court prejudicially erred in giving instructions P–2 and P–3 and in failing to sustain for cause their challenge of juror George Foster.

■ The latter assignment arose in these circumstances: Counsel for the landowner inquired of the jury panel whether "a member of your family" is employed by the State Highway Department. The challenge for cause was made when juror Foster responded, "My son is an appraiser with the Highway Department. He works out of Willow Springs" (which as almost

everyone knows is the divisional office in which Texas County is located). When the challenge was made the court inquired, "Mr. Foster, the fact that your son, you say, is employed as an appraiser by the State Highway Commission, would that in any way influence you in the trial of this case?" The juror responded, "It would not. There's no one responsible for the things I do but myself." Thereupon the court overruled the challenge for cause and appellants' counsel used one of their peremptory challenges and struck the juror from the panel. And now in urging error and the right to a new trial appellants say: "The issue in the case at bar was the amount of damages. The appraisals of the property was the chief element of evidence for both parties. * * * Juror Foster's son was one of the members of respondent's staff of appraisers working out of its Willow Springs office. We submit that juror Foster was in a situation where, from the 'common experience of men' he naturally would be prejudiced, 'notwithstanding his protestations of fairness and freedom from bias, of which men are most frequently wholly unconscious.' "

It may well be that juror Foster should have been excused, of course there would have been no problem had he been excused and there would have been no abuse of discretion in the court's excusing him. Even though there may be some theoretical or technical validity in the quoted argument, in the circumstances of this record it is not sufficient to plainly demonstrate an abuse of discretion (Johnson v. Missouri-Kansas-Texas R. Co., Mo., 374 S.W. 2d 1) or more important a manifest invasion of the right to a fair and impartial panel of jurors within the principles set forth in Murphy v. Cole, 338 Mo. 13, 88 S.W.2d 1023, 103 A.L.R. 505; Carroll v. United Railways Co., 157 Mo.App. 247, 137 S.W. 303, and Moore v. Middlewest Freightways, Mo., 266 S.W.2d 578. Even though there was a $500 verdict, it was held in Murphy v. Cole, supra, that there was an abuse of discretion when the court de-

nied a challenge for cause to a juror who was the local agent but not the underwriter for the defendants' insurance company. While as indicated by the fact of their appeal the Haneys are aggrieved, their actual loss consists of the taking of .2 of an acre of ground with its hotbed together with its plants and boiler and the loss of adjacency and access on the south side of their lot due to the relocation of Route F and the restricted or limited access on the west side along Route O. The house and store are intact, physically they have not been injured, and the actual loss of land area has been comparatively small. The appellants do not claim to be aggrieved in these latter respects, as indicated and as they specifically claim the principal loss to them has been the loss of adjacency and thereby of access on the south and particularly the loss of parking spaces on the right-of-way of old Route F. In the circumstances of this record not only is the verdict of $10,000 as just compensation supported, for these particular losses it is indeed difficult to envision let alone demonstrate just how under this unanimous verdict and nonstatutory ground of a challenge for cause (V.A.M.S. § 494.190) the appellants' right to a fair and impartial jury panel has been infringed. Johnson v. Missouri-Kansas-Texas R. Co., supra. In their essence the appellants' assignments of error as to instructions are closely related to their basic argument in regard to the challenged juror.

■ Instruction 2 informed the jury that "you are instructed that in determining the value of the defendants' property or the damages resulting thereto from the taking of a part thereof, *you shall not consider whether parking is or is not permitted upon the highway right-of-way.*" Instruction 3 defined the term "right of access" and told the jury that "in assessing the amount of damages, *if any*, sustained by the defendant, you may consider the limitation of defendants' right of access to any highway existing at the time of this appropriation, *but you shall not allow any*

*damage for any loss of access to this highway or any part thereof not in existence at the time of this appropriation."* (Italics added for emphasis.) In the latter instruction the appellants are agreeable to the jury's being told that they could consider limitation of access to "highway existing" at the time of the appropriation but they object to the underscored language contending that the language "this highway," in view of the three routes actually involved, is confusing and misleading. Of course it was conceded that some of the appellants' property was taken and consequently that they sustained some loss and therefore they say that the use of the words "if any" in instruction 3 submits an undisputed issue and is not supported by evidence. As to instruction 2 it is urged that it is a misstatement of law because it took from the jury's consideration "certain rights that an abutting landowner has in the highway. * * * the right to the use of said highway for private or any other purpose which is reasonable and which does not interfere with the enjoyment of the public."

■ In connection with other given instructions, the only instruction requested by the appellants told the jury that the state had "appropriated and taken for public use a part of the tract of land described in evidence * * * *and has taken certain highway access rights* from Defendants on the remaining portion of said tract of land as described in evidence." In a separate paragraph it said, "It is therefore your duty, under the law, to assess the just compensation to be paid said Defendants, the owners of said tract, *for the taking of their property and highway access rights."* While "if any" are words of "qualification and contingency" (Wells v. Missouri-Edison Electric Co., 108 Mo.App. 607, 617, 84 S.W. 204, 207), they do not necessarily render an instruction prejudicially erroneous even though employed one time in an instruction and that upon an undisputed issue, as here that the appellants admittedly were injured by the appropriation of

their property and rights when all instructions are read together and it is obvious from all the circumstances that the jury has not been misled. State ex rel. State Highway Comm. v. Volz Concrete Materials Co., Mo., 330 S.W.2d 870, 875; St. Louis Housing Authority v. Bainter, Mo., 297 S.W.2d 529, 532. The appellants' testimony as to loss of access came in in its entirety, including parking spaces on the right-of-way without objection (State ex rel. State Highway Commission v. Clevenger, 365 Mo. 970, 291 S.W.2d 57) and it is not believed upon this particular record that the jury was confused or misled as to any basic issue involved upon this appeal. State ex rel. State Highway Commission v. Bailey, 234 Mo.App. 168, 115 S.W.2d 17, 22.

■ As a matter of fact these contentions as to particular language are subsidiary and no doubt urged as supporting their principal claim "that the real crux of the damages to the defendants was the destruction of their parking areas." In this connection and in view of this argument it is not necessary upon this appeal to either approve or disapprove for all time either of these instructions or any particular language in them, it is sufficient to say that while an abutting owner has certain rights in connection with a highway, in some instances perhaps rights distinct from those enjoyed by the public in general (Press v. Penny & Gentles, 242 Mo. 98, 145 S.W. 458, 18 A.L.R. 794), those rights are nevertheless subordinate to the rights of the public and are subject to regulation. 39 C.J.S. Highways § 142, p. 1083. Furthermore, parking motor vehicles within the limits of a highway or using the highway right-of-way as a permanent parking lot in connection with one's private business is not "a proper viatic use of the highway" (40 C.J.S. Highways § 233 a, p. 247; 60 C.J.S. Motor Vehicles § 28 a, b, pp. 136, 139; 7 Am.Jur.2d (Automobiles & Highway Traffic), § 240, p. 793; Siemers v. St. Louis Electric Terminal Ry. Co., 343 Mo. 1201, 125 S.W.2d 865) and it would seem to follow as a matter of course that

the loss of any such parking right is not a separate compensable item of damages. This of course is aside from the fact that in this proceeding in condemnation these instructions were not plainly misleading and confusing (29 C.J.S. Eminent Domain § 290 b, p. 1305) and therefore prejudicially erroneous.

And for all the indicated reasons the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

EAGER, P. J., and STORCKMAN, J., concur.

FINCH, J., concurs in result.